LOUIS HILL, ADMINISTRATOR OF JAMES J. HILL, DECEASED, PROSECUTOR, v. NEWTON A. K. BUGBEE, COMPTROLLER, ET AL., RESPONDENTS.

Submitted March 21, 1918—Decided April 25, 1918.

In estimating the tax to be paid for the transfer of property of a non-resident intestate decedent, the comptroller included the value of the widow's interest in lands located in the State of Minnesota where dower has been abolished and the widow takes by inheritance, under the statute, an undivided one-third of the land of her deceased husband. *Held*, that the widow did not take as doweress, but by inheritance under an intestate law; that it was subject to a transfer tax under the law of Minnesota, and properly included by the comptroller as property inherited under an intestate law in estimating the total estate passing by inheritance from a decedent intestate.

---

On *certiorari* to review inheritance transfer tax.

Before Justices BERGEN and BLACK.

For the prosecutor, *Coult & Smith.*

For the respondents, *Herbert Boggs,* assistant attorney-general.

The opinion of the court was delivered by

BERGEN, J. James J. Hill died intestate while a resident of the State of Minnesota, leaving real estate in that state

and also in the State of New York, as well as personal property in New Jersey, the latter being subject to a transfer tax under the statute of New Jersey, and the comptroller of New Jersey, in determining the amount of the transfer tax, included the value of the lands in Minnesota and New York without allowance for the value of the interest of the intestate decedent's widow in such real estate. The amount of the tax as ascertained and levied is not disputed if the basis is correct. A writ of *certiorari* was allowed to review the comptroller's conclusion, and the only question presented is the legality of the inclusion of the value of the widow's dower, or interest in the lands in the amount upon which the transfer tax is based. Counsel for the defendant admits that the value of the interest of the widow in the New York land was improperly included because, under the law of that state, she takes as dowress and not by inheritance under any intestate law, and to that extent it is conceded that the assessment is erroneous. A different condition exists as to the land in Minnesota, for there dower has been abolished and by statute "the surviving spouse shall inherit an undivided one-third part of all other lands of which decedent at any time during coverture was seized or possessed to the disposition whereof, by will or otherwise, such survivor shall not have consented in writing," subject to a just proportion of decedent's debts not paid out of the personal estate.

Under this statute it cannot be doubted that as to lands in Minnesota the widow takes the undivided one-third of the lands of her deceased husband by inheritance and not as dowress, and that this interest is taken by inheritance and subject to a transfer tax, as a transfer by an intestate law of that state has been decided by the Supreme Court of Minnesota. *Pettit* v. *Probate Court*, 163 *N. W. Rep.* 285.

The prosecutor suggests that this court ought to take the view that the value of the widow's interest in the land in Minnesota should be determined by the law of this state, where she does not take by inheritance but as dowress, and therefore the interest of the widow is that of dower and not one acquired by any intestate law. But no authority is cited

or reason presented for this novel proposition, and it ignores the fact that the character of her estate is determined by the law of the state where the land is located and not by the laws of this state. The transfer tax is levied upon the estate transferred either by will or intestate law, and the law of this state cannot create an interest in real estate, located out of its jurisdiction, different from that fixed by the law of its *locus*. The title of the widow to the land in Minnesota devolved on her by inheritance, under the intestate laws of that state, and its value properly included by the comptroller, in the sum upon which the transfer tax was estimated.

The other points argued by the prosecutor have all been decided against his contention in *Maxwell* v. *Edwards,* 90 *N. J. L.* 707.

As this assessment improperly includes the value of the dower of the widow in the New York state lands, it will be set aside in order that it may be modified to conform to the views above expressed. No costs will be allowed, as each party has succeeded in part.