IN THE MATTER OF THE TRANSFER INHERITANCE TAX. IN THE ESTATE OF GEORGE J. GOULD, DECEASED.

Argued October 8, 1930—Decided October 17, 1930.

Before Justices CAMPBELL and BODINE.

For the prosecutor, *McCarter & English.*

For the state, *William A. Stevens.*

PER CURIAM.

The writ brings up for review a decree of Vice-Ordinary Backes sustaining a tax levied on the transfer of property by the last will and testament of George J. Gould, deceased, a. former resident of Lakewood, New Jersey.

On March 21st, 1923, decedent transferred $1,000,000 in United States liberty bonds to his wife. He died May 16th,. 1923, and the vice-ordinary held that the bonds were property assessable.

*Pamph. L.* 1922, *p.* 294, provides, so far as pertinent as. follows: "When the transfer is of property made by a resident * * * in contemplation of the death of the grantor * * * every transfer * * * made within two years prior to the death of the grantor * * * of a material part of his estate * * * without an adequate valuable consideration, shall, in the absence of proof to the contrary, be deemed to have been made in contemplation of death within the meaning of this section."

The transfer was of about one-sixth of the net estate— certainly a material part thereof. It was made within two.

months of death by a man who knew he was in the last stages of arterior sclerosis. The transfer is said to have been for an adequate valuable consideration. There was no attempt whatever to show any consideration for the transfer at the time the same was made. The death of Mr. Gould precipitated many suits. Some of his ten children assailed this transfer. In a family settlement, it was confirmed and it is said that the consideration for the settlement affords consideration for the transfer.

Vice-Ordinary Buchanan said of the statute in question (*In re Kraft's Estate,* 143 *Atl. Rep.* 765, 766) : "The broad purpose of the legislation is to tax successions, at death. Originally the statutory tax was imposed only upon testate and intestate successions. When it was found that the object of the act could be, and was being, defeated by transfers prior to death but in the nature of testamentary dispositions, the statute was amended so as to tax such transfers also. This was the purpose of the first sentence of the paragraph of the statute quoted above.

" \* \* \* The transfer in the instant case being concededly made in contemplation of death, the burden of proof was on the executors to bring the case within the implied exception to the statute, or to prove that some additional exception is to be implied and bring the case within that.

" \* \* \* Obviously, then, it is only when the adequate valuable consideration, of substantially equal value to the property transferred is received by the transferer, that the transfer in contemplation of death is not taxable."

The third paragraph of the will creates a trust fund of $4,000,000 with income to the widow for life with power to appoint to their children. At the time of Mr. Gould's death, a suit was pending against him growing out of mismanagement of his father's estate. This was compromised and a part of the compromise, $1,525,000, was deducted from the widow's trust and distributed among the first wife's seven children. A trust fund of $300,000 was also set up for the second wife's three children. Vice-Ordinary Backes said: "Their contention that the state is not entitled to a transfer tax because the payment of $1,525,000 out of the widow's

trust reduced by that sum the inheritable property of Mr. Gould upon the theory that it was made in discharge of an obligation of his estate is not admissible. * * * The thing taxable was the transfer by the will of the $4,000,000 trust fund for the widow and her children. The seven took $1,525,000 of the widow's trust not by the will of their father, but contrary to it, by transfer from the widow and her children. That transfer was not taxable. That she and they chose to bargain with the seven to surrender a portion of their trust to induce them to subject their inheritance under their father's will to the burden of the $5,442,392.55 due the Jay Gould estate, and to reimburse them for the consequent depreciation of their shares of that inheritance is wholly irrelevant to the power to levy a tax upon the transfer of property by death. * * * At all events the state is not interested, and it was the privilege of the comptroller to take no notice of the manipulation of the property by the beneficiaries as between themselves."

Obviously, the transfer of the $4,000,000 trust fund was under the will of the testator and taxable. Settlement agreement between private parties cannot affect the rights of the state to collect its taxes.

The assessment, as corrected by decree of the vice-ordinary, is affirmed and the writ is dismissed.