This is an appeal from transfer inheritance tax assessed and levied by the state tax commissioner (who now exercises *Page 379 
the functions and authority in this behalf formerly vested in the state comptroller), under the provisions of the statute. P.L.1909 ch. 228 and amendments.
By the will and codicils of John A. O'Neill, a resident of this state, after giving household goods and personal effects to his widow, and money legacies to several individuals, he gave his residuary estate to trustees, with an equitable life estate to his widow, as to part thereof, and to Masonic Home of Pennsylvania as to the balance — the latter being also the remainderman as to the corpus.
Caveat was filed by the widow against the probate of the will and codicils. The widow subsequently abandoned the contest, pursuant to an agreement between herself and the other interested parties, and the will was thereafter duly probated.
By the terms of the agreement just mentioned most of the beneficiaries gave over to the widow a portion of their respective legacies under the will. For instance, five legatees each gave up in favor of the widow $2,000 out of a $5,000 legacy. The first ground of appeal was that these legacies should therefore be taxed on the basis of a valuation of $3,000 each instead of $5,000 each, and similarly as to the other legacies.
This ground of appeal seems rather to have been abandoned at the hearing; in any event it is deemed to be without merit. The statute imposes a tax, inter alia, upon transfers made by will. The will was duly probated, and its validity and efficacy as a testamentary disposition of decedent's property thereby established. The several gifts therein and thereby made are in clear and unambiguous language, and there is no suggestion that any of them is invalid or inoperative. The contention is that the agreement among the beneficiaries has altered the provisions of the will.
Not so. The will remains unchanged. The transfers made by the will remain unchanged, and their validity and operative effect have been established by the establishment of the will. Those transfers are therefore taxable under the statute — and they are taxable under the statute only because they *Page 380 
are transfers by will. (The case involves no questions of intestate transfer or transfer by decedent inter vivos.) The agreement operates, and can operate, only by way of transfersubsequent to the transfer made by the will; the transfers by or pursuant to the agreement are transfers made by those to whom transfers were previously made by the will. They are not taxable — because the statute does not impose a tax upon them.
Doubtless a legatee may refuse to accept a legacy; and we may assume for the sake of argument that such legacy would in that case not constitute a taxable transfer. That, however, is not the situation here. A legacy of which acceptance was refused would either fall into the residuary estate, or pass by intestacy. Under the agreement sub judice the legatees do not refuse to accept; they accept and transfer. Without acceptance they could not transfer.
There was no error in the assessment so far as the first ground of appeal is concerned. The tax must be assessed under the statute on the transfers made by the will, and no notice need be, nor can be, taken of the dealings by the beneficiaries with the property among themselves. In re Gould's Estate, 105 N.J. Eq. 598; 148 Atl. Rep. 731; affirmed, 8 N.J. Mis. R. 798;151 Atl. Rep. 743; affirmed, 108 N.J. Law 197; 154 Atl. Rep. 632.
The second ground of appeal is that it was erroneous for the commissioner to include as a part of the taxable estate, a certain property at Atlantic City occupied as the residence of the testator and his wife.
The provisions of the will indicate an intent by the testator to devise that residence to the trustees under the will. We may assume that the provisions in question constitute, in terms, such a devise. In fact, however, the testator had no title in the residence susceptible of being devised by him.
Title to the property admittedly was in the testator and his wife as tenants by the entirety. Both were therefore seized of the property per my et per tout; the husband's interest terminated at his death and the wife's seisin continued thereafter freed of the husband's interest. There was *Page 381 
no transfer of the property or of any interest therein from the husband to the wife at or by reason of his death; the interest of the husband, by its very nature, terminated at his death with his wife surviving, there was nothing left which could be transferred. The wife's ownership did not come from the husband; it came to her at the time of, and by the operation of, the original conveyance or devise to the husband and wife as tenants by the entirety.
It is possible that a tax might properly be assessed against the transfer to the wife comprised in the conveyance to husband and wife as tenants by the entirety if that conveyance had been made by the husband; or if that conveyance, although made by a third party, was subsequent to the 1922 amendment to the Transfer Tax act, the "succession" of the widow to absolute ownership might be subject to tax under subsection 5 of section 1. See on these points In re Huggins, 96 N.J. Eq. 275; 125 Atl. Rep. 27;affirmed, sub nom. Fairleigh v. Bugbee, 3 N.J. Mis. R. 1072;130 Atl. Rep. 923; affirmed, 103 N.J. Law 182;134 Atl. Rep. 917.
There is, however, nothing in the present record to justify a tax on any such theory — and the tax was not assessed on such a theory.
Since the husband (predeceasing his wife) had no interest in the residence surviving his death, and the wife's ownership thereof came to her prior to his death and not in anywise by transfer from the husband, the situation is precisely the same as if the testator attempted to devise to A for life with remainder to B, a residence in which the testator had no interest whatever but which was already owned absolutely by A in fee. It is quite obvious that there is no transfer of the residence by the will, because there cannot be; it is impossible for testator's will to transfer that which he does not own (no question of exercise of power of appointment is involved here). Since there is no transfer by the will there can be no tax on such a transfer — there can be no tax on a transfer which never occurred and cannot occur.
We have already seen that there is nothing in the case by reason of which a tax might be assessed as on an intestate *Page 382 
transfer or transfer inter vivos. The present tax was assessed — and is not sought to be sustained — solely as a tax upon the transfer of property by will.
The argument made on behalf of the state is this — that under the terms of the will the widow was put to her election whether to take under the will or against it; that she elected to take under it and has accepted benefits thereunder; that she therefore cannot set up any claim of ownership which would defeat in anywise the full operations and effect of every part of the will — Job Haines Home v. Keene, 87 N.J. Eq. 509;101 Atl. Rep. 512; that if a beneficiary accepts a testamentary gift conditioned upon the beneficiary making a conveyance of his own property, he will be compelled to make such conveyance — Bird
v. Hawkins, 58 N.J. Eq. 229 (at p. 246); 42 Atl. Rep. 588.
All this may be conceded, but it does not follow therefrom that a transfer tax under our statute can be lawfully assessed in the instant case as on a transfer of this residence by decedent's will.
We may assume that under the terms of the will and by reason of the widow's acceptance of benefits thereunder, she would be compelled to convey the residence to the testamentary trustee upon the trusts specified in the will (we need not here consider the amendments made by the subsequent settlement agreement). Nevertheless it is quite apparent that neither the transfer (of the residence) to the trustee nor the subsequent transfer to thecestui que trust is effectuated by operation of the will. Those transfers would be — and could only be — effectuated by transferfrom the widow, either by actual conveyance or by decree in equity self-executing under section 45 of the Chancery act.
Such transfers from the widow, not being a transfer by testator's will is not taxable under the statute. The tax must be set aside in this respect, for the very same reason that it is upheld in respect of the first ground of appeal. The transfer which has been taxed as a transfer by will is not a transfer by will, and hence cannot be so taxed. Cf. Bente v. Bugbee,103 N.J. Law 608; 137 Atl. Rep. 552. *Page 383 
The principle that a beneficiary who accepts benefits under a will cannot set up any claim of ownership which would in anywise defeat the full operation and effect of any part of the will is of no avail to the state in this case. That is an equitable principle which enures to the benefit of other beneficiaries under the will, but cannot be invoked by the state to make taxable that which is not taxable. Cf. Bente v. Bugbee, supra
(at p. 611, bottom.)
Respondent cites Arnett v. Bugbee, 98 N.J. Law 416;119 Atl. Rep. 763; affirmed, 99 N.J. Law 269; 122 Atl. Rep. 926. In that case the testator gave all his property to his widow, who disputed the transfer tax imposed, claiming that the value of her dower should have been deducted in calculating the tax. Her contention was denied on the ground that a widow has no estate in dower until it has been actually assigned in proceedings under the Dower act; that no such assignment had been made — and none could be made because she had barred her dower right by acceptance under the will. The difference in the instant case is obvious; the widow has full and complete ownership of the residence, and that ownership was vested prior to, and in nowise by, the testator's death or will.
In re Osgood's Estate, 52 Utah 185; 173 Pac. Rep. 152,
involved a situation which the court held to be essentially similar to the dower cases; it was obviously different from that in the instant case. The property affected by the disputed transfer tax was a statutory one-third interest given to the wife in all the husband's real estate.
Respondent also cites In re Arp's Estate, 83 Ind. App. 371;147 N.E. Rep. 297 — a case where the facts were substantially identical with those in the case at bar, and where the transfer was held taxable. A reading of the opinion shows that this result was reached on the theory that the estoppel against the widow in favor of other beneficiaries, preventing her from asserting her legal ownership of the residence, extends also in favor of the state to prevent her from denying the state's right to a tax which it had no legal right to impose. No reasoning is given as to why that estoppel should arise in *Page 384 
favor of the state. This court is unable to concur in that theory; and (as already mentioned) a theory of like kind has already been disapproved by the court of errors and appeals in the Bente Case, supra.
The tax will be set aside and the record remitted to the commissioner for reassessment on a revised computation excluding the value of the residence from the value of the property transferred. This exclusion is of course to be made both in respect to the transfer to the widow and the transfer to the Masonic Home. *Page 385