This is an appeal from the levy of a transfer inheritance tax. The testator, Nathan Borish, died *Page 44 
in the spring of 1944 and, after a contest, his last will was admitted to probate by the Cumberland Orphans' Court. There followed an appeal to the Prerogative Court, as well as other litigation over the estate. Finally, in October, 1947, the executors (who had not qualified), the next of kin, and all the adults who claimed an interest under the will, arrived at a settlement whereby they agreed that the estate should be divided among the interested parties in certain stipulated proportions and in entire disregard of the will of Mr. Borish. The Court of Chancery, to which tribunal the agreement was submitted, found it advantageous to the infants and possible unborn remaindermen, and by order dated March 12, 1948, approved the compromise. Thereupon the appeal to the Prerogative Court and other pending suits were dismissed.
The State Tax Commissioner assessed transfer inheritance taxes in respect to the several legacies contained in the will. The appellants take the position that the compromise agreement and the order of Chancery approving it superseded and destroyed the will and hence that the taxes should have been levied as though decedent died intestate.
The parties to the agreement lacked power to "destroy" the will of Mr. Borish. No one can do that. If the appeal from probate had been prosecuted to a conclusion, the probate might have been reversed and the fact established that Mr. Borish died intestate. But the appeal was dismissed and the decree of the Orphans' Court conclusively establishes the factum of the will. Questions of interpretation are not presented by the appellants whose only contention is that the compromise agreement superseded the will. That agreement is effective only because the parties to it had the beneficial title to the estate, and so could do with it as they desired. Their title, or claim of title, some of them derived from the will; others from the statute of distributions. The will is an essential link in the chain of title. The transfers made by the will have taken effect and are taxable. Inre O'Neill, 111 N.J. Eq. 378 (Buchanan, V.C., 1932).
The Court of Chancery was interested in only one feature of the compromise, namely, whether the settlement was advantageous *Page 45 
and fair to the infants then living or who might be thereafter born. Its approval of the agreement had no effect except to bind them. The Court did not have the subject of taxes before it.
The action of the Tax Commissioner will be affirmed.