38 N.J. Super. 268 (1955)
118 A.2d 701
THEODORE H. KAPNEK, MINNIE FRANK AND ROSE GLICKMAN, EXECUTORS AND TRUSTEES UNDER THE WILL OF SAMUEL KAPNEK, DECEASED, PLAINTIFFS,
v.
THEODORE H. KAPNEK, MINNIE FRANK, ROSE GLICKMAN, LOUIS GLICKMAN, MARVIN GLICKMAN, HERBERT GLICKMAN, HOWARD PLATT, WILLIAM PLATT, JOAN KAPNEK BLUETHENTHAL, THEODORE H. KAPNEK, JR., RUTH KAPNEK, AND THEODORE H. KAPNEK, ROSE GLICKMAN AND MARVIN GLICKMAN, TRUSTEES UNDER A DEED OF TRUST OF SAMUEL KAPNEK AND ANNA KAPNEK, SETTLORS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 18, 1955.
*269 Mr. Morris Bloom, attorney for plaintiffs.
Mr. John P. Lippincott, attorney for defendants Minnie Frank and Howard Platt.
Mr. William B. Brooks, attorney for remaining defendants.
*270 HANEMAN, J.S.C.
Plaintiffs herein, executors and trustees under the will of Samuel Kapnek, deceased, seek to recover from the defendants, who are his beneficiaries by virtue of certain insurance policies and inter vivos transactions, such amount as is required to pay the state inheritance taxes, the federal succession taxes and administration expenses in connection with the above entitled estate. The facts in connection herewith are as follows:
Samuel Kapnek died on August 18, 1950 leaving a will which was admitted to probate by the Atlantic County Surrogate's Court on October 6, 1950. So far as here pertinent, said will provided:
"9. I direct that all estate, inheritance and succession taxes, on property passing under this will or otherwise, upon my estate, shall be paid out of principal thereof, to the same effect as if said taxes were expenses of administration, and all legacies, devises, and all other gifts of principal or income made by this will or any codicil hereto, or chargeable to such estate on account of any transaction included in any calculation for any such tax purposes, shall be free and clear therefor. In the absolute discretion of my executors they may pay such taxes immediately, or they may postpone payment of such taxes on future or remainder interests until the time possession thereof accrues to the beneficiary."
The entire estate of the said Samuel Kapnek consisted of personalty finally appraised at $59,822.81. The debts of said estate amounted to $17,245.62, leaving a net balance of $42,577.19. Inheritance taxes were levied by the State of New Jersey in the sum of $3,933.69 and succession taxes were levied by the United States in the sum of $66,553.73. There is therefore a deficit in the estate of $27,910.23 for taxes and such additional sum as may be required to pay the fees, charges and costs incident to the settlement of the estate.
In computing the foregoing taxes, there were included the proceeds of life insurance policies amounting to $78,042.35 and property transferred in contemplation of death, as well as the corpus of a trust created by the deceased during his lifetime, which latter items were valued at $194,499.94.
*271 There is no dispute as to the right of the plaintiffs to recover and reimburse themselves. The sole question is the proportion of the tax deficit and administration expenses which the defendants must bear.
The Internal Revenue Code 1939, section 826(c) and (d), 26 U.S.C.A. § 826(c, d), provides that unless the decedent had directed otherwise in his will, life insurance beneficiaries and recipients of properties over which the decedent had a power of appointment shall bear such portion of the federal estate tax as the value of the property received by them bears to the net estate of the decedent and the amount of the exemption allowed in computing that estate for federal estate tax.
The normal presumption arising under the Internal Revenue Code and the decisions interpreting the same, except under the foregoing circumstances, is that the tax should be paid out of the residue of the estate, without reimbursement from the beneficiary.
The Internal Revenue Code, section 826, subsections (c) and (d) read as follows:

"(c) Liability of life insurance beneficiaries.

Unless the decedent directs otherwise in his will, if any part of the gross estate upon which tax has been paid consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the sum of the net estate and the amount of the exemption allowed in computing the net estate, determined under section 935(c). If there is more than one such beneficiary the executor shall be entitled to recover from such beneficiaries in the same ratio. In the case of such proceeds receivable by the surviving spouse of the decedent for which a deduction is allowed under section 812(e) (the so-called `marital deduction'), this subsection shall not apply to such proceeds except as to the amount thereof in excess of the aggregate amount of the marital deductions allowed under such subsection.

(d) Liability of recipient of property over which decedent had power of appointment.

Unless the decedent directs otherwise in his will, if any part of the gross estate upon which the tax has been paid consists of the value of property included in the gross estate under section 811(f), the executor shall be entitled to recover from the person receiving *272 such property by reason of the exercise, nonexercise, or release of a power of appointment such portion of the total tax paid as the value of such property bears to the sum of the net estate, and the amount of the exemption allowed in computing the net estate, determined under section 935(c), or section 861, as the case may be. If there is more than one such person the executor shall be entitled to recover from such persons in the same ratio. In the case of such property received by the surviving spouse of the decedent for which a deduction is allowed under section 812(e) (the so-called `marital deduction'), this subsection shall not apply to such property except as to the value thereof reduced by an amount equal to the excess of the aggregate amount of the marital deductions allowed under section 812(e) over the amount of proceeds of insurance upon the life of the decedent receivable by the surviving spouse for which proceeds a marital deduction is allowed under such subsection."
Normally, the taxes imposed by the New Jersey Transfer Inheritance Tax Act, R.S. 54:33-1 et seq., are payable by the respective beneficiaries, unless by testamentary provision it is otherwise provided. Morristown Trust Co. v. Childs, 128 N.J. Eq. 524 (Ch. 1940); National State Bank of Newark v. Morrison, 7 N.J. Super. 333 (Ch. Div. 1949); Bankers Trust Co. v. Hess, 2 N.J. Super. 308 (Ch. Div. 1949); Vondermuhll v. Montclair Trust Co., 14 N.J. Super. 300 (Ch. Div. 1951); Goldman v. Goldman, 2 N.J. Super. 412 (Ch. Div. 1949).
The controlling consideration with respect to the payment of taxes or the reimbursement for taxes paid in connection with an estate is the intent of the testator. National State Bank of Newark v. Morrison, supra.
Here, plainly, the testator intended that all such taxes, whether state or federal, levied upon property which passed "under this will or otherwise" should be paid out of the principal of his estate. This demonstrated an intent to have all taxes paid by his estate, if possible. There being insufficient assets in the estate to pay the total amount of such taxes, we find ourselves in the same position as would occur had the testator specified that certain taxes be paid out of the residue of his estate, which provision "generates the implication that a different or other tax was not intended to be paid out of the residue but charged on the property in respect to *273 which it is levied." Brauburger v. Sheridan, 7 N.J. Super. 576 (Ch. Div. 1950).
It follows that the recipient of such property should be charged as if the payment of taxes made by them on the particular funds had been directed by testator to be made out of those particular funds.
The formula to be applied in the case sub judice is the same as set forth in Vondermuhll v. Montclair Trust Co., supra. See also Morristown Trust Co. v. Childs, supra:
"Each must bear such part of the federal and New Jersey estate tax and interest as is represented by the proportion of the total tax that the value of the assets in each category bears to the total assets entering into the total tax."
The plaintiffs having exhausted the estate by the payment of taxes, are as well entitled to reimbursement for administration expenses from defendants according to the same formula.
Judgment will be entered accordingly.