90 N.J. Super. 190 (1966)
216 A.2d 753
GEORGE DEMCHAK, EXECUTOR OF THE LAST WILL AND TESTAMENT OF ANDREW DEMCHAK, DECEASED, APPELLANT,
v.
WILLIAM KINGSLEY, ACTING DIRECTOR, DIVISION OF TAXATION, ETC., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 22, 1965.
Decided February 1, 1966.
*191 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Milton T. Lasher argued the cause for appellant.
Mr. Elias Abelson, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal by George Demchak, executor of the estate of Andrew Demchak, deceased, *192 from a determination of the Division of Taxation (Transfer Inheritance Tax Bureau) that $29,000 paid to Caroline Demchak, widow of the decedent, was subject to assessment for inheritance taxes.
On September 24, 1962 Andrew Demchak, then a widower, conveyed a tract of industrial property to Demchak Industrial Park, Inc., in which corporation he held 98 of the 100 shares of stock issued and outstanding. The other two shares were held by his adult son, George Demchak, and the latter's wife. On October 8, 1962 decedent married Caroline Demchak. He died on March 4, 1963, and by his will dated March 5, 1958 left his entire estate to his son, whom he named as executor.
On April 8, 1963 Caroline Demchak brought suit in the Chancery Division against the executor and Demchak Industrial Park, Inc., alleging that the conveyance of real property to the corporation had been made to deprive her of her right to dower and, further, that decedent breached an agreement to bequeath to her one-third of his personal property. The suit was settled on the trial date and thereafter a consent judgment was entered which called for (1) payment to the widow of $29,000, free of state and federal taxes, and (2) distribution to her of certain items of furniture and household effects.
In proceedings for determination of inheritance taxes to be assessed, the executor claimed that the $29,000 payment to decedent's widow was in lieu of dower and the value of decedent's estate for tax purposes should be reduced by that amount. The Transfer Inheritance Tax Bureau refused to allow the deduction. The executor paid the tax assessed under protest and appealed.
The right of dower provided by N.J.S. 3A:35-1 grants to a widow a one-half interest for life in all real estate in which her husband was seized of an estate of inheritance during coverture. An inchoate right of dower arises out of the marriage relationship and becomes consummate upon the death of the husband. It does not pass to the widow *193 by will or under the intestacy laws and therefore is not a transfer of real property subject to inheritance taxes provided for under N.J.S.A. 54:34-1. Cf. Hill v. Bugbee, 91 N.J.L. 454 (Sup. Ct. 1918), affirmed o.b., 92 N.J.L. 514 (E. & A. 1918). See also Annotation, 37 A.L.R. 541, 543 (1923); Annotation, 122 A.L.R. 181, 185 (1939).
The executor contends that since dower is not a taxable transfer of property, a settlement of the widow's claim for dower should be similarly treated, and therefore the $29,000 paid should be exempt from inheritance tax. The Division concedes that dower is not subject to transfer inheritance taxation. However, it argues that the executor failed to demonstrate that the consent judgment entered in the Chancery Division following the settlement was based upon a payment to the widow in lieu of her right of dower.
It is well settled that a widow cannot be deprived of her dower interest without her consent. Thus, assuming proper proof is established, she may have a premarital conveyance set aside as a fraud on her marital rights. Hampton v. Hampton Holding Co., 17 N.J. 431 (1955); Frank v. Frank's Inc., 9 N.J. 218 (1952). The corporate device is the classical method used by a husband in attempting to defraud the wife of her dower right. See Telis v. Telis, 132 N.J. Eq. 25 (E. & A. 1942); Nemeth v. Nemeth, 104 N.J. Eq. 603 (Ch. 1929).
If the Chancery Division action brought by decedent's widow had been fully tried out, it may well be that the court would have determined that decedent's premarital conveyance to the corporation 14 days before the marriage was a fraudulent attempt to deprive the wife of her dower right in the real property. The court could have set aside the conveyance insofar as the widow's dower interest was concerned. The value of such interest could have been determined, and it would have been exempt from inheritance taxation. However, the parties to the action elected to compromise their differences and a consent judgment was entered.
*194 A consent judgment has equal adjudicative effect to one entered after trial or other judicial determination. Pope v. Kingsley, 40 N.J. 168, 173 (1963). However, the consent judgment entered in the Chancery Division does not indicate whether the $29,000 awarded to Caroline Demchak was in payment of her dower interest or of her claim to a one-third interest in decedent's personal estate, or both. Furthermore, the record does not disclose the terms of the settlement upon which the consent judgment was based.
Under the circumstances this case will be remanded to the Division of Taxation, Transfer Inheritance Tax Bureau, with directions to conduct a hearing to determine whether under the terms of the settlement the $29,000 paid to Caroline Demchak, or any part thereof, was in payment of her dower interest. If it is so determined the tax assessment should be revised accordingly.
We do not retain jurisdiction.