CRABTREE, J. T. C.
Plaintiff seeks cancellation of a certificate of debt filed by defendant in the Superior Court in Mercer County pursuant to N.J.S.A. 54:49-12 imposing liability upon plaintiff, individually and in his fiduciary capacity, for the unpaid transfer inheritance tax assessed upon the transfer of a decedent’s personal property. The amount in controversy is $2,793.42 plus interest. Defendant moves for summary judgment pursuant to R. 4:46-1.
At issue is plaintiff’s liability, individually and as executor of the estate of Nathalie F. Sacket, deceased, for the transfer inheritance tax assessed with respect to (a) the proceeds of an endowment contract payable to decedent’s niece and (b) accumulated dividends on an ordinary life insurance policy payable to decedent’s grandniece. Plaintiff concedes that the payments *319 are subject to transfer inheritance tax under N.J.S.A. 54:34-l(c) as transfers intended to take effect in possession or enjoyment at or after the decedent’s death.
The facts are undisputed and may be briefly stated.
Decedent died testate on September 16, 1977, a resident of Paterson, New Jersey. Her will, duly admitted to probate before the Surrogate of Passaic County, left her entire probate estate to plaintiff and named him executor thereof. Plaintiff is a resident of Minneapolis, Minnesota.
Decedent was the owner of an endowment contract issued by New York Life Insurance Company, the proceeds of which were payable on death to Ann D. Thomas, decedent’s niece. Decedent was also the insured under an ordinary life policy issued by Equitable Life Assurance Society, the beneficiary of which was Barbara J. Thomas Hairston, decedent’s grandniece. Neither Mrs. Thomas nor Mrs. Hairston is a beneficiary under decedent’s will. The proceeds of the New York Life and Equitable policies were paid directly to the policy beneficiaries and no part thereof ever came within plaintiff’s control.
Both decedent’s niece and grandniece reside at 75 Stoner Drive, West Hartford, Connecticut, and they are named defendants in the certificate of debt hereinabove referred to.
The probate residue of decedent’s estate amounts to some $42,000 (before inheritance tax), measured by date-of-death values shown on the New Jersey Transfer Inheritance Tax affidavit, less debts and administration expenses also reflected therein. Virtually the entire residue is comprised of cash in banks and savings institutions.
The New Jersey Transfer Inheritance Tax, N.J.S.A. 54:33-1 et seq. (hereinafter, “the tax”), is a privilege levy upon the right of succession to real and personal property transferred by a decedent in specified cases. The specified case for taxation here was the transfer of intangible personal property intended to take effect in possession or enjoyment at or after death within the purview of N.J.S.A. 54:34-l(c). The tax is levied *320 upon the transferee, and the amount thereof depends upon the value of the property transferred and the transferee’s relationship to decedent. N.J.S.A. 54:34-2; In re Lichtenstein Estate, 52 N.J. 553, 247 A.2d 320 (1968).
The fiduciary of a decedent’s estate, together with the beneficiaries, is personally liable for the tax. N.J.S.A. 54:35-2; Morristown Trust Co. v. Childs, 128 N.J.Eq. 524, 17 A.2d 559 (Ch.1940); Kapnek v. Kapnek, 38 N.J.Super. 268, 118 A.2d 701 (Ch.Div.1955). The fiduciary having charge of property subject to the tax is required to deduct the tax from such property or to collect the tax from the beneficiary entitled to the property, prior to distribution. N.J.S.A. 54:35-6. Furthermore, the tax becomes and remains a lien on all property owned by decedent as of the date of death for a period of ten years. N.J.S.A. 54:35-5.[1]
Plaintiff contends that his liability is limited to the tax imposed upon assets coming into his hands; that it is contrary to “fundamental fairness” to hold him responsible for the tax upon nonprobate assets which were never within his control. The simple answer to this argument is that plaintiff’s liability as executor is measured by, and limited to, the value of assets which actually came into his hands, irrespective of whether he acquired dominion over the subject matter of a particular taxable transfer. This is the extent of defendant’s contention, and it is the judicial construction uniformly placed upon N.J.S.A. 54:35-2 and its legislative antecedents for many years. Bugbee v. Van Cleve, 99 N.J.Eq. 825, 134 A. 646 (Prerog.Ct.1926); In re Deutz, 105 N.J.Eq. 671, 149 A. 257 (Prerog.Ct.1930); Martin v. Bird, 126 N.J.Eq. 206, 8 A.2d 333 (Prerog.Ct.1939), aff’d per curiam 126 N.J.L. 415, 19 A.2d 886 (Sup.Ct.1941). The Deutz case is particularly dispositive of plaintiff’s contention, as it dealt with the transfer of nonprobate assets in a foreign country. There decedent’s administrator was held liable to the extent of probate assets in his possession for the inheritance tax *321 attributable to partnership goodwill passing to a transferee by the terms of a partnership agreement, notwithstanding the administrator’s inability to gain control of the subject matter of the transfer. (The partnership and all its assets were located in Mexico.) The court’s analysis is edifying:
It is true that section seven of the statute provides that an administrator shall deduct the tax before paying over any legacy or distributive share; but it does not say that the tax is not collectible by the state unless the administrator is able to deduct the tax in that way. On the contrary it is provided in the sixth paragraph of section one that administrators and executors of a decedent shall be personally liable for all taxes under the act until they have been paid; and in section 5, that all taxes shall be a lien on all the decedent’s property until paid .... It is quite clear that the legislature intended that the decedent’s estate should pay the tax whether or not it was collectible from the legatee, distributee or donee, & c.
This the state has a perfect right to do. The tax is on the transfer, not on the property received by the legatee or donee. Decedent makes the transfer, and the tax is properly collectible out of decedent’s estate. If, by reason of the location of the property, and the particular circumstances of the transfer, the tax cannot be collected by the administrator from the recipient of the property, it amounts, in effect, to precisely the same thing as if the decedent had given a legacy by will and directed that the tax thereon be not deducted therefrom but be paid out of the residuary estate. That is what must happen here. The administrator must pay the tax, and if he cannot collect it from the surviving partner, the residuary estate is diminished pro tanto. [105 N.J.Eq. at 680-681, 149 A. 257]
The current legislative design is identical to that prevailing at the time of the Deutz case. The liability for the tax is imposed upon the transferee and the fiduciary, N.J.S.A. 54:35-2; the fiduciary is required to collect the tax before making distribution, N.J.S.A. 54:35-6; the tax is a lien upon all of decedent’s property, N.J.S.A. 54:35-5. No unfair burden is placed upon plaintiff in his fiduciary capacity, as the estate assets within his control are more than sufficient to pay the entire tax liability.
Plaintiff asserts a constitutional deprivation of due process on the ground that tax due from the Connecticut beneficiaries of nonprobate assets is chargeable against the probate residue of which he, individually, is the beneficiary. He urges that, since Buckley v. Huston, 60 N.J. 472, 291 A.2d 129 (1972), there is no impediment to defendant’s suit in Connecticut to collect the tax from the nonprobate beneficiaries residing in that *322 state; that it is easier for defendant to prosecute such an action than it is for plaintiff to do so from Minnesota. The gravamen of plaintiff’s argument is not that he is without a remedy; rather, that he somehow suffers a deprivation of a legally protected right if he is required to undertake the expense of court action in Connecticut to compel reimbursement of the disputed tax from the Connecticut beneficiaries.[2]
Plaintiff’s contentions are without merit. To begin with, it is the policy of the law to insure the collection of taxes, and the courts, whenever possible, will construe statutes to accomplish that result. 3 Sutherland, Statutory Construction (4 ed. 1974), § 66.06. Moreover, state action survives a constitutional challenge when the action in question bears a reasonable relation to a legitimate governmental objective and is devoid of arbitrariness. Schmidt v. Newark Bd. of Adj., 9 N.J. 405, 88 A.2d 607 (1952). Here the legitimate objective is the protection of the public fisc by insuring payment of the inheritance tax, and it is reasonable to impose liability upon a fiduciary for the full amount of tax due, to the extent of estate assets within his control.
In light of the facility, speed and affordability of contemporary communication technology, the burden imposed upon plaintiff in Minnesota to engage counsel in Connecticut to enforce his rights against residents of that state does not rise to the level of constitutional deprivation.
Defendant’s motion for summary judgment will be granted.

 The statute was amended in 1979, extending the lien period to 15 years.

 Plaintiff is not left without a remedy. Under New Jersey law the executor is entitled to reimbursement from the transferee of inheritance tax paid with respect to the transfer of nonprobate assets and may maintain an action thereon. Fidelity Union Trust Co. v. Hall, 125 N.J.Eq. 419, 6 A.2d 124 (Ch.Div.1939); Morristown Trust Co. v. Childs, supra; Goldman v. Goldman, 2 N.J.Super. 412, 64 A.2d 251 (Ch.Div.1949). Plaintiffs right to maintain such an action in Connecticut is beyond dispute. Unless the law of a sister state contravenes public policy or violates Connecticut statutes, a litigant may enforce in Connecticut any right of action arising under the law of such sister state. Bohenek v. Niedzwiecki, 142 Conn. 278, 113 A.2d 509 (Sup.Ct.1955); Adamsen v. Adamsen, 151 Conn. 172, 175, 195 A.2d 418 (Sup.Ct. 1963).