CRABTREE, J.T.C.
This is an inheritance tax case wherein plaintiff seeks review of defendant’s assessment of $79,256.89. Plaintiff contends *225 that estate distributions to certain charities, aggregating $236,-000, were nontaxable transfers.
The sole issue is whether the distributions in question, made pursuant to court order in a will contest to charitable organizations not named in decedent’s will, should be treated as transfers by will within the purview of N.J.S.A. 54:34-la, which imposes tax on transfers by will. The rate of tax is determined by the relationship of the decedent to the transferee, N.J.S.A. 54:34-2; but transfers to charitable organizations are exempt by reason of N.J.S.A. 54:34-4(d).
The facts are not in dispute.
Zella Van Iderstine died testate on July 31,1984 a resident of Rutherford, New Jersey. Her will, which was duly probated before the Bergen County Surrogate, made several pecuniary bequests, including $5,000 to Shriners Hospitals for Crippled Children and $1,000 to Rutherford First Aid Ambulance Corps, and then left the residue of her probate estate, valued at approximately $500,000, to M. Harry Muser, who was not related to the testatrix.
The will was executed on October 13, 1983. The decedent had executed a prior will on April 10,1980, whereby the probate residue was bequeathed in equal shares to (1) Shriners Hospitals for Crippled Children, (2) Rutherford First Aid Ambulance Corps, (3) Heart Funds of Passaic and Bergen Counties, (4) Muscular Distrophy Funds of Passaic and Bergen Counties and (5) New Jersey Foundation for the Blind.
Shriners Hospitals for Crippled Children (hereafter Shriners) filed a timely complaint to set aside the probate of decedent’s will of October 18, 1983, claiming the exercise of undue influence by M. Harry Muser and seeking to probate the April 10, 1980 will. This litigation was resolved by a consent order entered in the Superior Court, Chancery Division, Bergen County on February 29, 1986. The order incorporated a settlement agreement executed upon behalf of the executor of decedent’s estate, M. Harry Muser, the residuary beneficiary, Shriners, New Jersey Foundation for the Blind, Inc. and Rutherford First *226 Aid Ambulance Corps, Inc. By the terms of the settlement Shriners received $95,000 from the estate, while New Jersey Foundation for the Blind and Rutherford Ambulance Corps each received $67,500 from the estate. The balance of estate assets was to be distributed in the manner provided by decedent’s will of October 13, 1983.
The operative statute is N.J.S.A. 54:34-la which imposes a tax upon “property ... transferred by will____”
Plaintiff argues that the dispositions made by decedent’s will have been altered by the consent order and settlement agreement entered in the will contest litigation and that the inheritance tax consequences are controlled by this adjudication. Defendant answers that the statute taxes transfers by will and that subsequent agreements, whether or not sanctioned by judicial action, have no effect upon the inheritance tax.
Defendant’s position is supported by the reported decisions in this State.
In In re Gould, 105 N.J.Eq. 598, 148 A. 731 (Prerog.Ct.1930), aff'd per curiam 8 N.J.Misc. 798, 151 A. 743 (Sup.Ct.1930), aff'd per curiam 108 N.J.L. 197, 154 A. 632 (E. & A.1931) the court considered the issue in the context of litigation involving the estate of George Gould, a son of Jay Gould. At the time of his death, George, with some brothers and a sister, was involved in a suit charging them with mismanagement of their father’s estate. George’s will left part of his estate to his widow and their three children. The residue was left to all ten of his children, including seven from his prior marriage. The litigation was settled, but, in order to persuade the seven children of George’s prior marriage to contribute to the settlement, each of the seven received a payment from George’s widow and her three children. The Comptroller of the Treasury assessed transfer inheritance taxes upon the payments to the seven children of George’s prior marriage. The Prerogative Court set aside the tax, declaring:
... The seven took $1,525,000 of the widow’s trust not by the will of their father, but contrary to it, by transfer from the widow and her children. That transfer was not taxable. That she and they chose to bargain with the seven to *227 surrender a portion of their trust to induce them to subject their inheritance under their father’s will to the burden of the $5,442,392.55 due the Jay Gould estate, and to reimburse them for the consequent depreciation of their shares of that inheritance is wholly irrelevant to the power to levy a tax upon the transfer of property by death. It is true that a transfer tax is measured by the net amount passing to the beneficiary; and that rule would be satisfied by levying the tax against the widow’s trust as an entirety for it was transferred from the dead to the living in its entirety; in fact, the contract presupposes its integrity in providing that the $1,525,000 to be paid the seven shall be charged “against the capital of the preferential trust.” It cannot escape tax by the beneficiaries making part of it over to others any more than if they had made it over to strangers____ At all events the state is not interested, and it was not the privilege of the comptroller to take notice of the manipulation of the property by the beneficiaries as between themselves. His duty began and ended with levying the tax imposed by the statute on the transfer of property by the will of Mr. Gould. The assessment will be set aside. [105 N.J.Eq. at 601-602, 148 A. 731]
Two years after Gould the Prerogative Court decided In re O’Neill, 111 N.J.Eq. 378, 162 A. 425 (Prerog.Ct.1932), a case directly in point. There, the probate residue of the decedent’s estate was left in trust, with the income payable to his widow and the remainder at her death to the Masonic Home of Pennsylvania. The widow filed a caveat against probate of the decedent’s will and codicils. Her claim was settled by an agreement whereby most of the beneficiaries gave over to her portions of their legacies under the will. The state tax commissioner imposed the transfer inheritance tax upon the full amount of the legacies, without reduction for the amounts paid to the widow in settlement of her claim. The court upheld the commissioner, saying:
... The statute imposes a tax, inter alia, upon transfers made by will. The will was duly probated, and its validity and efficacy as a testamentary disposition of decedent’s property thereby established. The several gifts therein and thereby made are in clear and unambiguous language, and there is no suggestion that any of them is invalid or inoperative. The contention is that the agreement among the beneficiaries has altered the provisions of the will. Not so. The will remains unchanged. The transfers made by the will remain unchanged, and their validity and operative effect have been established by the establishment of the will. Those transfers are therefore taxable under the statute — and they are taxable under the statute only because they are transfers by will. (The case involves no questions of intestate transfer or transfer by decedent inter vivos.) The agreement operates, and can operate, only by way of transfer subsequent to the transfer made by the will; the transfers by or pursuant to the agreement are transfers made by those to whom transfers were *228 previously made by the will. They are not taxable — because the statute does not impose a tax upon them. [111 N.J.Eq. at 379-380, 162 A. 425]
The facts in the instant case are remarkably similar to the facts in O’Neill. Here, the decedent’s will was duly admitted to probate. Thereafter, Shriners filed a timely complaint to set it aside. The litigation, thus commenced, was resolved by a settlement incorporated in a consent order. The settlement called for estate distributions at variance with the dispositions provided for in the will. Significantly, the settlement did not involve setting aside the will and probating the 1980 will in its place; nor were all the beneficiaries of the earlier will parties to the litigation.
In Borish v. Zink, 2 N.J.Super. 42, 64 A.2d 461 (App.Div.1949), the beneficiaries, following admission to probate of the decedent’s will, instituted suit and arrived at a settlement which provided for distributions at considerable variance with those provided in decedent’s will. The state tax commissioner assessed transfer inheritance tax in accordance with the provisions of the will; and the assessment was upheld by the Appellate Division, which based its decision on the principles enunciated in In re O’Neill.
Plaintiff relies upon Demchak v. Kingsley, 90 N.J.Super. 190, 216 A.2d 753 (App.Div.1966) and Pope v. Kingsley, 40 N.J. 168, 191 A.2d 33 (1963) for the proposition, which he contends is dispositive for inheritance tax purposes, that a consent judgment has equal adjudicative effect to one entered after trial or other judicial determination. Those cases do not support plaintiff’s position. Demchak involved the inheritance tax effect of a settlement of a widow’s claim. The Appellate Division remanded the case to the Inheritance Tax Bureau to determine whether payment to the widow under the settlement was made with respect to her dower interest or with respect to her claim to a one-third interest in her deceased husband’s estate. If the payment was for her statutory dower right, it was exempt from inheritance tax. The circumstances in Demchak are not remotely comparable to the facts in the instant case.
*229 Pope v. Kingsley reaffirms the principles enunciated in Gould, O’Neill and Borish, viz, inheritance tax is not affected by transfers made pursuant to a settlement of a will contest. Moreover, the facts in Pope are significantly different from the facts in the instant case. In Pope the Supreme Court held that the tax consequences were, indeed, controlled by the consent order and settlement, which involved setting aside the contested will and admitting an earlier will to probate. Thus, a conclusion that the consent judgment controlled the inheritance tax consequences was consistent with the statute imposing the tax on transfers by will. In the instant case, the 1988 will was not declared invalid, the 1980 will was not admitted to probate, and the parties sharing in the distributions called for by the settlement of the will contest were not all the beneficiaries named in the 1980 will.
In view of the foregoing judgment will be entered upholding defendant’s assessment.