BIANCO, J.T.C.
This opinion constitutes the court’s decision with respect to the Motion for Summary Judgment filed by defendant, Director of the Division of Taxation (the “Director”), and the Cross-Motion for Summary Judgment filed by plaintiff, Peter De Rosa (“Mr. De Rosa”), as the Executor of the Estate of Joseph Rendeiro, (“the *75 Estate”). At issue is the proper amount of New Jersey Transfer Inheritance Tax owed pursuant to N.J.S.A. 54:33-1, et seq. from the transfer by the Estate. For the reasons set forth below, the Director’s Motion is granted, and Mr. De Rosa’s Motion is denied.

Facts and Procedural History

The facts of this case are not materially in dispute. Mr. Rendeiro (“the Decedent”) executed his Last Will and Testament (“the Will”) on June 2, 2006 and passed away six months later on December 3, 2006. The Decedent’s Will was admitted to probate in the office of the Surrogate of Passaic County on December 19, 2006, and pursuant to the Will, Mr. De Rosa was named Executor. According to the terms of the Will, the Decedent’s sister, Ms. Pereira, was to receive $25,000; the Decedent’s granddaughter, Ms. Fagin, was to receive $10,000; and Mr. De Rosa, who was also the Decedent’s son-in-law, was to receive the residuary estate.
On March 5, 2007, Ms. Fagin filed an action in the probate proceedings challenging the Will, alleging undue influence of Mr. De Rosa over the Decedent and alleging that the Decedent lacked the capacity to execute his Will. On June 2, 2008, the parties engaged in mediation whereupon a Settlement Agreement (“the Settlement”) was reached. By the terms of the Settlement, Ms. Fagin would receive $400,000 from the Estate, Ms. Pereira would receive $25,000, and Mr. De Rosa would receive the residuary.
The Estate filed its New Jersey Inheritance Tax return on June 15, 2009, reporting a total inheritance tax due of $178,925.57, plus interest,[1] based on the $400,000 distribution to Ms. Fagin per the Settlement. After review, on December 10, 2009, the Director issued a Notice of Assessment to Mr. De Rosa, as the residual beneficiary, increasing his amount of tax owed to $239,279.22, plus penalty and interest, to reflect the $10,000 distribution to Ms. Fagin as originally envisioned by the Will. Mr. De Rosa timely *76 filed an administrative protest to challenge the added assessment, which was rejected by the Director and the assessment affirmed in a Final Determination dated April 28, 2011.
Mr. De Rosa timely appealed to this court. The aforementioned Cross-Motions for Summary Judgment ensued and oral argument was heard thereon.

Summary Judgment

Pursuant to New Jersey’s Court Rule 4:46-2(e), a court shall grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged, and that the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2(a) outlines the requirements in support of a motion for summary judgment:
The motion for summary judgment shall be served with briefs, a statement of material facts and with or without supporting affidavits. The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted. The citation shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions of exhibits relied on. A motion for summary judgment may be denied without prejudice for failure to file the required statement of material facts.
Summary judgment is appropriate where “a discriminating search of the merits in the pleadings, depositions and admissions on file, together with the affidavits submitted on the motion clearly shows not to present any genuine issue of material fact requiring disposition at a trial.” Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 74, 110 A.2d 24 (1954) (citation omitted). “When both parties to an action ‘move[ ] for summary judgment, one may fairly assume that the evidence was all there and the matter was ripe for adjudication.’ ” Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 450, 916 A.2d 440 (2007) (quoting Morton Int’l Inc. v. Gen. Accident Ins. Co., 266 N.J.Super. 300, 323, 629 A.2d 895 (App.Div.1991)). In the instant matter, there is no dispute between the parties as to the facts of the ease. The only question remaining for the court, and the basis of the parties’ Motions, is what amounts should be used to calculate the *77 distributions to Ms. Fagin and Mr. De Rosa, thus determining the amount of inheritance tax owed. The court, therefore, finds that this matter is ripe for summary judgment.

Analysis

“The New Jersey Transfer Inheritance Tax ... is a privilege levy upon the right of succession to real property transferred by a decedent in specified cases.” Gould v. Dir., Div. of Taxation, 2 N.J.Tax 316, 319 (Tax 1981) (internal citations omitted). As relevant to this case, New Jersey imposes a tax
upon the transfer of property, real or personal, of the value of $500.00 or over, or of any interest therein or income therefrom, in trust or otherwise, to or for the use of any transferee, distributee or beneficiary ... [w]here real or tangible personal property situated in this State or intangible personal property wherever situated is transferred by will or by the intestate laws of this State from a resident of this State dying seized or possessed thereof.
[N.J.S.A. 54:34-1.]
“The tax is levied upon the transferee, and the amount thereof depends upon the value of the property transferred and the transferee’s relationship to the decedent.” Gould, supra, 2 N.J.Tax at 319-320. Class “A” transferees, which include grandchildren of a decedent, are exempt from tax on transfers from a decedent.[2] See N.J.S.A. 54:34-2(a)(2); N.J.A.C. 18:26-1.1, -2.5. Class “C” transferees, which include sisters and widowers of daughters of a decedent, are subject to a progressive tax structure from 11% on the amounts of transfers between $25,000 and $1,100,000 up to 16% on the amounts of transfers in excess of $1,700,000.[3] See N.J.S.A. 54:34-2(c)(2); N.J.A.C. 18:26-1.1, -2.7. *78 “The fiduciary of a decedent’s estate, together with the beneficiaries, is personally liable for the tax.” Gould, supra, 2 N.J.Tax at 320 (citing N.J.S.A. 54:35-2).
Regarding settlements similar to the one at issue in this case:
There exists a split of authority among the States on the question of the effect upon state inheritance taxes of an agreement compromising a will contest and providing for the distribution of the estate other than as directed in the will. The majority view appears to be that a succession tax is computable in accordance with the terms of the will, unaffected by the compromise agreement. The courts taking this position have reasoned that the tax is fixed at the time of the death of the testator and is applicable only to property which is inherited, and since a will cannot be changed by an independent agreement entered into after the testator’s death, property passing under such an agreement is not in fact inherited. New Jersey is among the states that have so held.
[Pope v. Kingsley, 40 N.J. 168, 174, 191 A.2d 33 (1963) (internal citations omitted).]
See also Borish v. Zink, 2 N.J.Super. 42, 64 A.2d 461 (App.Div.1949); Donovan v. Baldwin, 10 N.J.Tax 224 (Tax 1988); In re O’Neill, 111 N.J. Eq. 378, 162 A. 425 (Prerog.1932); In re Gould, 105 N.J. Eq. 598, 148 A. 731 (Prerog.1930), aff'd per curiam 8 N.J. Misc. 798, 151 A. 743 (Sup.Ct.1930), aff'd per curiam 108 N.J.L. 197, 154 A. 632 (E. & A. 1931).
In Pope, the Court explicitly left the door open to consider the split of authorities in a different case: “Since here neither side has argued for a different result, we shall not pursue the question, reserving it for a case in which it is properly presented.” Pope, supra, 40 N.J. at 174, 191 A.2d 33.
Mr. De Rosa argues that the Court subsequently reached and decided the issue in In re Estate of Lingle, 72 N.J. 87, 367 A.2d 878 (1976). In Lingle, Eustace Lingle and his wife, Nancy, had two children during their marriage. Id. at 91, 367 A.2d 878. The couple subsequently divorced, and as part of the divorce agreement, Eustace “agreed to make and keep effective a will which would leave at least one-fourth of his estate to Nancy and a like share to be divided between his two daughters; should Nancy remarry, then one-half of his estate was to pass to their children.” Id. at 92, 367 A.2d 878. Both Eustace and Nancy remarried. *79 Ibid. When Eustace died many years later, he left his entire estate to his second wife, who was also named as executrix of his estate. Ibid.
The two daughters promptly asserted a claim to one-half the estate and threatened suit. By the terms of the negotiated settlement which followed, the daughters received somewhat less than one-half the estate and agreed that a portion of their shares should be held in trust, the income to be paid their stepmother during her life and the remainder to pass to them equally upon her death.
[Ibid. (emphasis added).]
The Division of Taxation assessed a transfer inheritance tax “strictly in accordance with the terms of the will, taking no account of the settlement arrangements.” Id. at 91, 367 A.2d 878. The estate appealed to the courts. Upon reaching the Supreme Court, the Court held “that a valid contract to make a particular testamentary disposition is, or may be, a transfer within the meaning of N.J.S.A. 54:34-1. . . .”[4] Id. at 93, 367 A.2d 878.
The instant case, however, does not concern “a contract to make a particular testamentary disposition” as contemplated in Lingle, nor was there a claim made against the Estate, as there was in Lingle. Here, Ms. Fagin filed a will contest. The Settlement resolved the will contest and not a contractual claim that existed prior to the Decedent’s death. Therefore, Pope, and not Lingle, controls here. As articulated in Pope, “[the transfer inheritance] tax is computable in accordance with the terms of the will, unaffected by the compromise agreement.” 40 N.J. at 174, 191 *80 A.2d 33. Pope and its related cases stand for the proposition that transfers via agreements between beneficiaries to redistribute assets of an estate, occur subsequent to the transfer via will, which is subject to the transfer inheritance tax.
There may be a scenario whereby the transfer inheritance tax should be calculated based upon a settlement agreement that resolved a will contest, particularly if the executor was not a beneficiary.[5] Executors are “under a duty to settle and distribute the estate of the decedent in accordance with the terms of any probated and effective will and applicable law, and as expeditiously and efficiently as is consistent with the best interests of the estate.” N.J.S.A. 3B:10-23. If an independent executor settles a will contest to best effectuate the terms of the will, then perhaps it would be proper to consider that agreement when assessing transfer inheritance tax.
However, when the executor is also a beneficiary, the line between those distinct roles may be blurred.[6] As Mr. De Rosa indicates in his Motion papers, he “listened very carefully to both [the mediator] and [his] counsel who both cautioned [him] that the outcome of a trial on the issues of undue influence and incapacity which were alleged by Ms. Fagin could be significantly less economically advantageous to [him] than a fixed ... settlement payment____” As a result, the Settlement appears to be more *81 similar to an agreement between beneficiaries to redistribute estate assets, as in Pope and the related eases.[7]

Conclusion

For the reasons set forth herein, the court finds that the Director properly assessed the transfer inheritance tax based on the terms of the Will. N.J.S.A. 54:35-3 provides for the calculation of interest on transfer inheritance taxes:
If such tax is not paid within 8 months after the date on which it became due and payable ..., the tax shall bear interest at the rate of 10% per annum from the expiration of 8 months after the date on which it became due and payable to the date when the tax is paid, ... unless, by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay, the decedent’s estate, or a part thereof, cannot be settled before the expiration of 8 months from the date on which said tax became due and payable, in which case only 6% per annum shall be charged from the expiration of such 8 months until the cause of delay is removed—
The court further finds that the tax was not paid within 8 months after the date it became due and payable as a result of necessary litigation and other unavoidable cause of delay; therefore, the tax shall bear interest at 6% per annum. Pursuant to Rule 8:9-3, within 30 days, the parties shall submit computations, consistent with this opinion, which reflect the current tax liability. The court retains jurisdiction.

 Also on June 15, 2009, Mr. De Rosa submitted a payment in the amount of $196,818.12 pursuant to the 2009 Tax Amnesty Program, where the Director allowed certain past due taxpayers to pay their outstanding tax debt(s) plus one-half of the interest due and waived any other interest, penalties, and other fees. See L. 2009, c. 21 (codified at N.J.S.A. 54:53-19).

 For transfers made prior to June 30, 1985, there were fifteen tax brackets for transfer inheritance taxes applicable to Class "A" beneficiaries ranging from 2% up to 16% based on the amount of the transfer. For transfers made beginning on July 1, 1985, and over the course of the next three years, the lower tax brackets were gradually eliminated, thus increasing the amount of the transfer exempt from tax. For transfers made to Class "A” beneficiaries on or after July 1, 1988, no tax is imposed. See N.J.S.A. 54:32-2(a)(2).

 N.J.S.A. 54:34-2(c)(2) sets forth the tax rates for transfers made to Class "C” beneficiaries on or after July 1, 1988:
On any amount in excess of $ 25,000.00, up to $ 1,100,000.00. ..11%
On any amount in excess of $ 1,100,000.00, up to $1,400,000.00... 13%
*78 On any amount in excess of $ 1,400,000.00, up to $1,700,000.00... 14%
On any amount in excess of $1,700,000.00... 16%

 The Court discussed the particulars as follows:
In the case before us it may be argued that the transfer to testator’s two daughters flowed only indirectly from the contract, and directly from the settlement reached following their assertion of a breach of contract. We do not think this distinction should have significance. Generally speaking, where the result is unaffected by unusual or extraneous circumstances, it should not matter whether it comes about because of performance of the contract by the decedent or by way of settlement or adjudication following a breach; tax consequences in such cases should follow the result. Had Eustace Lingle performed his contractual obligation and left one half his estate to his daughters, a tax would have been imposed upon the transfers. It would be incongruous were a different tax consequence to follow where substantially the same result comes about by adjudication of the contractual claim or its negotiated settlement.
Id. at 96-97, 367 A.2d 878 (internal citations omitted).

 This is consistent with N.J.A.C. 18:26-2.11, which states that "[i]f a transferee under a will agrees that the estate, or any part of it is to be distributed otherwise than as provided in the will, the tax is nevertheless computed in accordance with the terms of the will admitted to probate.” If the executor is not also a transferee, then it may be possible to compute the tax according to the agreement. Mr. De Rosa argues that N.J.A.C. 18:26-2.11 represent an ultra vires act by the Director, and thus the Director may not rely upon it. Because the court finds for the Director on the basis of case law interpreting N.J.S.A. 54:34-1, it need not reach the validity of the regulation.

 It is not clear to the court exactly how an executor distributes the estate according to the will if there is a will contest to set it aside. If the choice is between settling the contest and reducing the distributions as contemplated by the will versus setting the will aside and eliminating the distributions contemplated by the will, it seems that the executor has a duty to choose the first option.

 The issue is ultimately the point at which the residuary of the estate is valued. The court is satisfied that it is valued after all claims of the estate have been settled. It appears to the court, however, that a will contest is not quite a "claim” against the estate, but it is a legal action against the estate. Ergo, should the residuary be valued prior to any will contests, or, if the contest settles, thus depleting the residuary, should it be valued then? In the instant matter, Mr. De Rosa had the authority to decide what remained in the residuary and thus what the tax liability would be. This is really the issue the prior cases and this court are addressing.