(No. 40239.—

*In re* ESTATE OF LEO E. MURPHY.—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* SARA MURPHY, Exr., Appellee.)

*Opinion filed September 29, 1967.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, A. ZOLA GROVES, JOHN T. JA-RECKI, and JOSEPH O. RUBINELLI, Assistant Attorneys General, of counsel,) for appellant.

WALTER C. OVERBECK, of Henry, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On February 5, 1962, Leo E. Murphy and Sara E. Murphy, his wife, entered into a written agreement as follows:

"1) That we will make and execute with due and legal formalities the following joint and mutual Will devising and bequeathing all property we now own or shall hereafter own jointly, and that we now own or

shall hereafter own by either of us as provided in the joint and mutual Will executed hereinafter; and

"2) That the survivor of us will not elect to take against the provisions of said joint and mutual Will."

Immediately following was their executed joint and mutual will in due and legal form and providing for the disposition of their property in accordance therewith.

Leo Murphy passed away on January 24, 1964, a resident of Marshall County, Illinois, and letters testamentary issued naming Sara Murphy the executor of his will. During the administration of the estate an inheritance tax return was filed listing the decedent's assets with the contention that "[b]ecause the Will attached arose out of a contract, there can be no inheritance Tax". The Attorney General of Illinois filed objection. An order was entered sustaining the position of the executor and declaring that no inheritance tax was due, which order was approved by the circuit court of Marshall County. The Attorney General brings this appeal invoking the jurisdiction of this court because revenue of the State of Illinois is directly involved.

The sole issue involved is whether the disposition of the decedent's assets is subject to the Illinois inheritance tax. The State maintains that the decedent's property passed to his widow solely by the terms of his last will and testament, and that, as such, it is a taxable transfer within the terms of section 1 (subsections 1 and 3) of the Illinois Inheritance Tax Act. (Ill. Rev. Stat. 1961, chap. 120, par. 375.) Conversely, the executor argues that the beneficiaries received the assets of the decedent by virtue of the contract—the will spelling out only the provisions of the contract relating to the disposition of all the property of the contracting parties —and therefore the transfer is not subject to the tax.

The statute involved and pertinent to the decision of the issue is section 1 of the Inheritance Tax Act. (Ill. Rev. Stat. 1961, par. 375.) The relevant part of section 1 provides as follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real, personal, or mixed, or of any interest therein or income therefrom, in trust or otherwise, to persons, institutions, or corporations, not hereinafter exempted, in the following cases:

"1. When the transfer is by will or by the intestate laws of this State, from any person dying, seized or possessed of the property while a resident of the State * * *

"3. When the transfer is of property made by a resident, * * * by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death, * * *."

The issue can be resolved by an examination of the document effecting the transfer and a determination of the intent and effect thereof. That document is captioned the "Last Will and Testament" of Leo and Sara Murphy, and immediately under that caption appear the words of said agreement binding them to make a joint and mutual will and to adhere to the provisions thereof. Immediately thereafter, the joint and mutual will is spelled out and executed in compliance with the mandatory legal requirements for a valid will. Ill. Rev. Stat. 1961, chap. 3, pars. 1-346.

The only intent manifested by the contractual language prefacing the joint and mutual will, and consequently its only effect, is that the property of the "contracting" parties pass under the terms of the will. As such, this language has no effect upon the applicability of the Inheritance Tax Act to the transfers contemplated by the document. The assets of the decedent passed under the valid joint and mutual will set forth in that document and are subject to tax under subsection 1 of section 1 of the Inheritance Tax Act.

If, as the executor argues, we held that the document in question did not constitute a valid will, but characterized it as a contract to dispose of all the property of

the contracting parties, the assets sought to be transferred thereby would nevertheless be subject to our Inheritance Tax Act. The executor cites *In re Estate of Johnson,* 389 Ill. 425, for the proposition that where a valid pre-existing contract to devise property has been entered into, the property passes under the contract, not the will, and is nontaxable. However, subsection 3 of section 1 of that Act expressly provides that any transfer of property by a resident by deed, grant, bargain, sale or gift which is made in contemplation of death or intended to take effect in possession or enjoyment at the death of the transferor is taxable. Although cases decided under this provision, such as *In re Estate of Johnson,* have held that an outright and immediate *inter vivos* gift or sale is nontaxable, other decisions have made it clear that where the transferor retains possession and control or receives the income from the transferred assets during his lifetime with the assets then passing to another to possess and enjoy upon his death, the transfer is subject to tax. (*People* v. *McCormick,* 327 Ill. 547; *People* v. *Schallerer,* 12 Ill.2d 240.) In the instant case the decedent relinquished no rights to the use and enjoyment of his property during his lifetime by the execution of the document in question, since the transfer described therein became effective only at his death. Based upon these facts, we hold that the transfer herein, regardless of the character of the instrument effecting it, falls within the provisions of subsection 3 of section 1 of the Inheritance Tax Act, and is taxable.

For the foregoing reasons the judgment of the circuit court of Marshall County is reversed and the cause remanded for further proceedings consistent with the view herein expressed.

*Reversed and remanded.*