49 Ill.2d 386 (1971)
275 N.E.2d 364
In re ESTATE OF ELLA H. ALTER.  (The People of the State of Illinois, Appellant,
v.
Roy L. Baum, Exr., Appellee.)
No. 43711.
Supreme Court of Illinois.
Opinion filed September 30, 1971.
WILLIAM J. SCOTT, Attorney General, of Springfield, (JOSEPH O. RUBINELLI, Special Assistant Attorney General, of counsel,) for appellant.
ANTHONY F. DONAT, of Batavia, for appellee.
Reversed and remanded.
MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:
On October 19, 1964, Ella Alter entered into a contract with Roy Baum for her maintenance for life at *387 Anna Baum Home in Geneva, Illinois. The contract provided for payment of $10,000 to Roy L. Baum as proprietor of said home at or before her entering said home as a permanent guest. The contract further provided that she would execute a will, leaving her entire estate, other than a specific devise of some chattel property, to Roy Baum. Simultaneously with the execution of said contract the decedent did pay to Baum the sum of $10,000 and did execute a last will and testament. She retained possession and control of her assets during her lifetime.
On December 23, 1967, Ella Alter died and thereafter letters of administration with the will annexed were issued to Roy Baum. During the administration of the estate, an inheritance tax return was filed with the circuit court of Kane County. The return listed the assets of the decedent totaling $85,883.64. Baum contended in said return that these assets passed to him not by will but pursuant to a contract and therefore were not taxable.
Objections were filed to the return by the Attorney General of Illinois. After a hearing, an order was entered on January 29, 1970, sustaining the position of the administrator with the will annexed, and stating that no inheritance tax was due, which order was approved by the circuit court of Kane County. The Attorney General brings this appeal invoking the jurisdiction of this court because revenue of the State of Illinois is directly involved.
The sole issue involved is whether the disposition of the decedent's assets is subject to the Illinois Inheritance tax. The State maintains that the decedent's property passed solely by the terms of her last will and testament, and that, as such, it is a taxable transfer within the terms of section 1 (subsections 1 and 3) of the Illinois Inheritance Tax Act. (Ill. Rev. Stat. 1961, ch. 120, par. 375.) Conversely, the appellee argues that the beneficiaries received the assets of the decedent by virtue of the *388 contract  will spelling out only the provisions of the contract relating to the disposition of the property  and therefore the transfer is not subject to the tax.
The statute involved and pertinent to the decision of the issue is section 1 of the Inheritance Tax Act. (Ill. Rev. Stat. 1961, ch. 120, par. 375.) The relevant part of section 1 provides as follows: "A tax shall be and is hereby imposed upon the transfer of any property, real, personal, or mixed, or of any interest therein or income therefrom, in trust or otherwise, to persons, institutions or corporations, not hereinafter exempted, in the following cases: 1. When the transfer is by will or by the intestate laws of this State, from any person dying, seized or possessed of the property while a resident of the State * * * 3. When the transfer is of property made by a resident, * * * by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death, * * *."
The aforementioned contract specifically provided that Ella Alter "agrees that she will make a will leaving all of her property to said Host so as to facilitate the transfer of said property at her death * * *." It is apparent to us that the legal interest to the property in question did not pass through the contract, but rather passed because of the will. If decedent did not execute a will, the property would not have gone directly to Baum at her death as a result of the contract. Rather, Baum would have only a claim based on the contract. Therefore, because the property of decedent passed under the will, it is subject to tax under subsection 1 of section 1 of the Inheritance Tax Act.
If, as the appellee argues, we found that the property passed by the terms of the contract, the property sought to be transferred thereby would nevertheless be subject to our Inheritance Tax Act. Appellee cites In re Estate of Johnson, 389 Ill. 425, for the proposition that if the *389 property passed because of a contract and not because of a will executed pursuant to the contract, there would be no inheritance tax due. However, In re Estate of Murphy, 38 Ill.2d 76, involving a factual background similar to the instant case, the executor argued that where a valid pre-existing contract to devise property has been entered into, the property passes under the contract, not the will, and is nontaxable. This court stated that "subsection 3 of section 1 of that Act expressly provides that any transfer of property by a resident by deed, grant, bargain, sale or gift which is made in contemplation of death or intended to take effect in possession or enjoyment at the death of the transferor is taxable. * * * decisions have made it clear that where the transferor retains possession and control or receives the income from the transferred assets during his lifetime with the assets then passing to another to possess and enjoy upon his death, the transfer is subject to tax. (People v. McCormick, 327 Ill. 547; People v. Schallerer, 12 Ill.2d 240.)" (38 Ill.2d at 79.) Here, the transfer of property was intended to take effect in possession or enjoyment at or after the death of the promisor. Therefore, regardless of whether the property passed as a result of the contract or will, it would be taxable under either subsection 1 or 3 of section 1 of the Inheritance Tax Act. To the extent that Johnson conflicts with the view herein expressed, it is overruled.
For the foregoing reasons the judgment of the circuit court of Kane County is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.