IN THE MATTER OF THE ESTATE OF EUSTACE E. LINGLE, LATE OF MONMOUTH COUNTY.

Argued April 6, 1976—Decided December 6, 1976.

*Mr. Stephen Skillman,* Assistant Attorney General, argued the cause for appellant Division of Taxation (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Skillman* of counsel; *Mr. Michael E. Goldman,* Deputy Attorney General, on the brief).

*Mr. Cary R. Hardy* argued the cause for respondent executrix (*Messrs. Bourne and Noll,* attorneys; *Mr. Hardy* of counsel; *Mr. Ken R. Springer* on the brief).

The opinion of the court was delivered by

MOUNTAIN, J. This is an inheritance tax case. The decedent left his entire estate to his second wife. This testamentary desposition was in breach of a separation agreement entered into between him and his first wife, wherein he had promised to leave one-half his estate to his two daughters by the first marriage. Following probate of the will and after considerable negotiation, a settlement was reached, payment of certain sums was made to each of the two daughters and the other terms of settlement were carried out. At issue is the question as to the taxability of the assets disposed of by way of settlement.

The Transfer Inheritance Tax Bureau calculated and assessed the tax strictly in accordance with the terms of the will, taking no account of the settlement arrangements. The Appellate Division, in an unreported opinion, reversed. It held that the sums paid the daughters, being in response to valid contractual demands, should be considered as debts and hence fully deductible. We granted certification on application of the Division of Taxation. 68 *N. J.* 490 (1975).

The facts have been stipulated. Decedent, Eustace E. Lingle, married Nancy L. Lingle in 1930. Two daughters were born of this marriage. During the minority of the

children, the couple separated and entered into a property settlement agreement on November 14, 1945. By the terms of this instrument, Nancy surrendered all claims against Eustace or his estate, except such rights as accrued to her under the agreement. Provision was made for Nancy's support and for that of the children. Eustace also agreed to make and keep effective a will which would leave at least one-fourth of his estate to Nancy and a like share to be divided between his two daughters; should Nancy remarry, then one-half of his estate was to pass to their children. Following the making of the agreement, Eustace and Nancy were divorced and thereafter each remarried. Decedent died domiciled in New Jersey on January 21, 1970. His will left his entire estate to his second wife, Anita E. Lingle, who was also named as executrix. The two daughters promptly asserted a claim to one-half the estate and threatened suit. By the terms of the negotiated settlement which followed, the daughters received somewhat less than one-half the estate and agreed that a portion of their shares should be held in trust, the income to be paid their stepmother during her life and the remainder to pass to them equally upon her death.

In the transfer inheritance tax return filed by the executrix she claimed as a deduction the entire value of the shares set apart for her stepdaughters by the terms of the settlement agreement, taking the position that they were deductible debts. As indicated above, the Bureau disagreed but the Appellate Division accepted the position of the executrix.

Of course a decedent's debts constitute a valid deduction in determining the clear market value of property transferred by testamentary disposition or intestate succession. *N. J. S. A.* 54:34–5. And a comprehensive definition of the word "debt" might well be said to include a claim arising from breach of a valid contract to make a bequest or devise. Subject to what is said below, however, we think such a claim was not intended by the Legislature to be included as a deduction in the calculation of the transfer in-

heritance tax.[1] We say this because we have determined and now hold, for reasons developed below, that a valid contract to make a particular testamentary disposition is, or may be, a transfer within the meaning of *N. J. S. A.* 54:34–1, subd. c. This section of the Inheritance Tax Act imposes a tax upon the transfer of assets where the "property . . . is transferred by deed, grant, bargain, sale or gift . . . intended to take effect in possession or enjoyment at or after . . . death."

Whether or not a contract to make a will, or to effect some particular testamentary disposition, may be a transfer to take effect at death within the meaning of the foregoing statute has never been decided in this State.[2] Decisions in other jurisdictions are in conflict. *Compare In re Oppenheimer,* 75 *Mont.* 186, 243 *P.* 589 (1926) with *In re Koeffler's Will,* 218 *Wis.* 560, 260 *N. W.* 638 (1935).

The "at or after death" provision is a common feature of inheritance tax statutes. It first appeared in our law in 1892. *L.* 1892, *c.* 122. The present provision is based upon chapter 228 of the Laws of 1909. Its fundamental purpose is to preclude avoidance of the transfer inheritance tax by a lifetime transfer which is, in effect, a substitute for or a substantial equivalent of a testate or intestate distribution. *In re Estate of Lichtenstein,* 52 *N. J.* 553, 560, 575 (1968).

---

[1] It must be apparent that if a contract to make a will, or the breach of such a contract, were held to generate a deductible debt, there would thus be provided a very significant avenue of tax avoidance. Such contracts would proliferate.

[2] Earlier New Jersey cases in which the issue might have been raised, but was not, include *Bente v. Bugbee,* 103 *N. J. L.* 608 (E. & A. 1927) ; *In re Soden,* 105 *N. J. Eq.* 595 (Prerog. Ct. 1929), aff'd *sub nom. In re Mills,* 8 *N. J. Misc.* 843 (Sup. Ct. 1930) ; *Savings Investment & Trust Co. v. Martin,* 119 *N. J. Eq.* 611 (Prerog. Ct. 1936) ; *Sullivan v. Margetts,* 9 *N. J. Super.* 189 (App. Div. 1950). These cases should henceforth be read in the light of what we say today. In *Kelly v. Glaser,* 112 *N. J. Super.* 419 (App. Div. 1970) aff'd 59 *N. J.* 355 (1971) the issue was expressly noted, but was not reached. See 112 *N. J. Super.* at 425.

■■ The transfer inheritance tax was never intended to be a gift tax. Its aim is the more limited one of taxing successions at death. *Beck, New Jersey Inheritance and Estate Taxes,* § 2 (1974) ; *Rogers, New Jersey Transfer Inheritance Tax* §§ 37, 40 (1940). A tax is levied on the right to succeed to property upon death. The statutory provision seeking to tax transfers to take effect in possession or enjoyment at or after death, as well as certain gifts made in contemplation of death, *N. J. S. A.* 54:34–1, subd. c, is not designed to alter the fundamental aim or thrust of the tax. It is rather intended to close avenues of avoidance so obvious that, were they not shut off and controlled, the statutory imposition would clearly fail of its purpose.

The language of the "at or after death" provision is quite broad. It imposes a tax on all transfers valued at $500 or more, or of any interest therein or income therefrom, in trust or otherwise, to take effect in possession or enjoyment at or after the ·death of the transferor and includes transfers "by deed, grant, bargain, sale or gift." Significantly, though not surprisingly, this language has been held to include transfers accomplished by *inter vivos* contracts. *Schroeder v. Zink,* 4 *N. J.* 1, 11 (1950) ; *In re Deutz,* 105 *N. J. Eq.* 671, 677 (Prerog. Ct. 1930). In passing upon the scope of this clause, our courts have had occasion to examine a considerable variety of *inter vivos* arrangements. *Tilney v. Kingsley,* 43 *N. J.* 289 (1964) (purchase of life insurance policies combined with non-refundable annuity contracts) ; *Schroeder v. Zink, supra* (corporation-stockholder buy-sell agreement) ; *In re Estate of Lichtenstein, supra* (complicated *inter vivos* trusts) ; *Darr v. Kervick,* 31 *N. J.* 476 (1960) (reciprocal trusts) ; *Minoff v. Margetts,* 14 *N. J. Super.* 30 *(App. Div.* 1951), certif. den. 7 *N. J.* 584 (1951) (partnership agreement). In each of these cases the *inter vivos* arrangement was found to be taxable within the "at or after death" provision.

■ A careful review of the case law suggests that the following factors must usually be found in order to bring

any *inter vivos* transaction within the reach of the statute: (1) the grantor or settlor must transfer some property, or interest therein, while retaining for his lifetime some or all of the economic benefits therefrom; (2) there must be a consequent postponement of enjoyment on the part of the grantee, promisee or other beneficiary; and (3) both the grantor's retention and the grantee's postponement of enjoyment must be for a period determinable by reference to the grantor's death.

■ Conversely, lifetime transfers will be held *not* to come within the "at or after death" clause where (1) the retention of benefits by the grantor is not determined by reference to the duration of his life, *N. J. A. C.* 18:26–5.8, *Rottschaefer, Taxation of Transfers Taking Effect in Possession at Grantor's Death*, 26 *Iowa L. Rev.* 514, 528–29 (1941); (2) the grantor has completely divested himself of his entire interest in the transferred property, *In re Estate of Lambert*, 63 *N. J.* 448, 459; *In re Estate of Lichtenstein, supra*, 52 *N. J.* at 578–85; *Nazzaro v. Neeld*, 18 *N. J. Super.* 56, 62 (App. Div. 1952); or (3) there was full and adequate consideration for the property transferred, *Schroeder v. Zink, supra*, 4 *N. J.* at 9–10; *Beck, New Jersey Inheritance and Estate Taxes, supra*, § 17 (b).

■ The transaction with which we are here concerned — the agreement to make a particular testamentary disposition — definitely conveyed to testator's daughters an interest in his estate within the meaning of the statute defining transfers.[3] They became, at the time the contract was made, third party beneficiaries of the agreement to make a will in their favor. As such, they had a statutory right to sue upon the contract, *N. J. S. A.* 2A:15–2. Specifically, third party beneficiaries of a contract to make a will have been held en-

---

[3]"Transfer" includes the passing of property, or *any interest therein,* in possession or enjoyment, *present or future,* by distribution by statute, descent, devise, bequest, grant, deed, bargain, sale or gift. [*N. J. S. A.* 54:33–1; emphasis added]

titled to sue at law for damages or in equity for appropriate specific relief. *Drewen v. Bank of Manhattan Co. of City of N. Y.*, 31 *N. J.* 110, 117 (1959); *Harrington v. Harrington*, 141 *N. J. Eq.* 456, 457 (Ch. 1948), *mod. and rev. on other grounds*, 142 *N. J. Eq.* 684 (E. & A. 1948).

Since the agreement contemplated an ultimate disposition by will, which could take effect only at death, the interest transferred was obviously measured in terms of the death of the contracting party A contract to make a will, such as the one we here consider, may therefore be a transfer intended to take effect at death. Where the last will and testament of the promisor fully complies with the earlier contractual obligation, the testamentary transfer will also be taxable under *N. J. S. A.* 54:34–1, subd. a. This was the holding in *Kelly v. Glaser, supra*, 112 *N. J. Super.* 419 (App. Div. 1970), aff'd 59 *N. J.* 355 (1971). As we have already indicated, it was there found unnecessary to determine whether or not the transaction was also taxable as a transfer to take effect in possession or enjoyment at or after death under *N. J. S. A.* 54:34–1, subd. c. 112 *N. J. Super.* at 425.[4]

Finally, the decedent retained complete possession and control of the property during his lifetime. He could have spent or dissipated the whole of his assets at any time.

In the case before us it may be argued that the transfer to testator's two daughters flowed only indirectly from the contract, and directly from the settlement reached following their assertion of a breach of contract. We do not think this distinction should have significance. Generally speaking, where the result is unaffected by unusual or ex-

---

[4]At least one court has explicitly rested decisons in favor of taxability in such cases on the alternative grounds that (1) there was an outright testamentary gift; and (2) the transaction constituted a transfer intended to take effect at death. In *re Estate of Alter*, 49 *Ill.* 2d 386, 275 *N. E.* 2d 364 (1971); *In re Estate of Murphy*, 38 *Ill.* 2d 76, 230 *N. E.* 2d 266 (1967).

traneous circumstances, it should not matter whether it comes about because of performance of the contract by the decedent or by way of settlement or adjudication following a breach; tax consequences in such cases should follow the result. Had Eustace Lingle performed his contractual obligation and left one half his estate to his daughters, a tax would have been imposed upon the transfers. *Kelly v. Glaser, supra.* It would be incongruous were a different tax consequence to follow where substantially the same result comes about by adjudication of the contractual claim or its negotiated settlement.

As we have already indicated, a transfer made pursuant to a contract will not be subjected to an inheritance tax where the estate has received a full and adequate consideration in money or money's worth. *Schroeder v. Zink, supra,* 4 *N. J.* at 9–10; *see Inheritance, Estate and Gift Taxes,* 42 *Am. Jur.* 2d §§ 125–32; Annot., "Consideration as affecting the liability to estate, succession, or inheritance tax", 157 *A. L. R.* 964, 979 (1945). This is so because the Legislature intends to tax only transfers of a donative nature. One who has paid full and adequate consideration resembles more a purchaser of property than a distributee of the decedent. To tax both the property transferred and the full and adequate consideration received would result in the imposition of double taxation and be unfair to the taxpayer. Here, however, the settlement, having its genesis in the *inter vivos* contract, depletes the estate to the extent of $92,610.65. There is no double taxation since the estate has received no consideration of substantially equal value.

The burden of proof as to the existence and adequacy of consideration rests with the party who asserts it. Here the estate has failed to carry the burden. No monetary benefit of real substance was received by the decedent. In order for such a transfer to be free from taxation, the consideration received must be the substantial monetary equivalent of the assets transferred.

■ The transfer inheritance tax in this case must be calculated upon the testamentary disposition, modified by the terms of the settlement. Since there is no tax clause in the will, the respective recipients will each bear the burden of the tax generated by the value of the assets each receives.

The judgment of the Appellate Division is reversed and the cause is remanded to the Division of Taxation for the purpose of calculating the transfer inheritance tax in accordance with what has been set forth above.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.