LASSER, P.J.T.C.
In their complaint, plaintiffs, executors of the estate of William A. Heine, Jr., deceased (“decedent”), contest the determination of the Director of the Division of Taxation that the transfer to decedent’s former spouse of a life estate in a testamentary trust is taxable as a transfer intended to take effect at death. The executors did not include the value of the life estate in the inheritance tax return on the ground that, prior to his death, decedent had contractually agreed with his former wife to provide for the life estate in his will.
Plaintiffs also contest the Director’s disallowance of a portion of the commissions claimed by the executors and the Director’s imposition of 10% interest on the tax assessed from the due date of the return to the date of payment.
In 1977, decedent entered into a property settlement agreement with his first wife, Virginia M. Heine, which agreement, among other things, required him to procure a life insurance policy on his life in the principal amount of $100,000. Virginia was the absolute owner of the policy, and under the agreement, decedent was required to pay the $4,660 annual premium until Virginia’s death or remarriage.
On April 3, 1984, decedent and Virginia amended their property settlement agreement. The amended agreement relieved decedent of his obligation to pay the annual life insurance premium in exchange for his agreement to bequeath $150,000 to Virginia in trust for her life if she survived him (the “Virginia trust”). The amendment to the agreement reads in part:
7. If Virginia survives William, William agrees, as a contractual obligation, to maintain in his Last Will and Testament a bequest to his Trustee or Trustees in the minimum amount of $150,000.00 for the benefit of Virginia during her life.
*438 In accordance with this agreement, decedent made provision in his will for the Virginia trust.[1] It appears that Virginia was 68 and decedent was 69 at the time of the amendment.
Decedent died on June 19, 1985. On September 19, 1986, the executors of decedent’s estate filed the New Jersey transfer inheritance tax return which excluded the Virginia trust[2] and included, as a deduction, executors’ commissions in the amount of $69,000. The Director, however, included the Virginia trust in the assets of the estate subject to inheritance tax, reduced the executors’ commissions to $42,956.88 and imposed interest at the rate of 10% on the tax assessed, from February 19, 1986, eight months after decedent’s death, until the date of final payment.
Plaintiffs initially argued that Virginia’s entire interest in the trust was not subject to tax because it represented a debt of the estate pursuant to a contractual obligation made for adequate and valuable consideration. However, in their reply brief and at oral argument, plaintiffs conceded that the agreement was not entered into for adequate and valuable consideration and that Virginia’s interest in the trust is subject to tax, but argued that the consideration received by decedent should be deducted from the assets subject to tax. Plaintiffs contend that the consideration received was the discounted value, on the date of the amended agreement, of the life insurance premium payments of which decedent would have been relieved, based on his life expectancy on that date. Plaintiffs analogize this release from the obligation to make annual premium payments to an obligation to make annuity payments, and argue that the relief *439 from annual premium payments should be valued as would an annuity. Plaintiffs calculate that “at the time of decedent’s and Virginia’s agreement in 1984, the present value of an annuity that would pay $4,660 per annum to a male aged 69, using a 6% interest rate, is $33,155.43.”
The Director contends that only the first annual premium of $4,660 is not subject to tax because that is the only premium that decedent was relieved of paying before his death.
Therefore, with respect to the transfer of the life estate, the sole issue is whether the consideration received by decedent (relief from payment of insurance premiums) is to be valued as of the date of the 1984 amended agreement, based on decedent’s life expectancy on that date, or as of the date of his death, based on the one premium which he did not have to pay.
I.
Transfer inheritance tax is imposed on the right or privilege of legatees, distributees or transferees to receive or succeed to the full possession and enjoyment of property. Schroeder v. Zink, 4 N.J. 1, 13, 71 A.2d 321 (1950); see In re Estate of Lichtenstein, 52 N.J. 553, 559, 247 A.2d 320 (1968). The event triggering the tax is the death of the decedent, In re Estate of Lichtenstein, supra at 560, 247 A.2d 320, and the tax is intended to reach transfers of a donative nature. In re Estate of Lingle, 72 N.J. 87, 97, 367 A.2d 878 (1976). Transfers “intended to take effect in possession or enjoyment at or after” the death of the transferor are taxed pursuant to N.J.S.A. 54:34-1c. Tax is imposed on the “clear market value of the property transferred.” N.J.S.A. 54:34-5.
All transfers of property intended to take effect at or after death, whether accomplished by will or by contract, have been held to fall within the scope of the language provided in N.J.S.A. 54:34-1c. In re Estate of Lingle, 72 N.J. 87, 94, 367 A.2d 878 (1976); Schroeder v. Zink, 4 N.J. 1, 11, 71 A.2d 321 (1950). But such transfers are not taxable “when an adequate and valuable consideration of substantially equal value to the *440 property transferred is received by the transferor.” Schroeder v. Zink, supra at 10, 71 A.2d 321. See Millar v. Taxation Div. Director, 9 N.J. Tax 48, 53-54 (Tax Ct.1987):
The underlying rationale .. .is that when a transferor receives full consideration, he is being reimbursed for all of his interests in the property. There is no depletion of the transferor’s assets because the amount of assets remains substantially the same, although changed in form. [Id. at 54]
In the subject case, the agreement between Virginia and decedent provided that a $150,000 life estate for Virginia would be included in decedent’s will. In exchange, decedent was relieved of the obligation to pay annual premiums on the life insurance policy. The transfer in this case occurred at the death of decedent because, prior thereto, decedent had complete possession and enjoyment of the funds from which the trust would be created.
The State may regulate the manner and terms by which a decedent’s property within its jurisdiction may be transferred by will or inheritance, and accordingly may impose a tax on the transfer of such property. United States of America v. Kingsley, 41 N.J. 75, 79-80, 194 A.2d 735 (1963). The parties cannot by contract agree to deprive the State of the right to tax a transfer which takes effect at death. Schroeder, supra at 12-13, 71 A.2d 321. It is the intention of the statute that the State have the right to tax succession of these funds, unless there is consideration for the transfer so that the estate will not be depleted by the arrangement.
If full value is paid for the transfer, there is no tax on a transfer which takes effect at death. If full value is not paid, the transfer is taxable but the actual amount of consideration paid must be deducted from the value of the property transferred at death. “Where a consideration has been received which is less than the value [of the transferred property as of the date of the transferor’s death], the tax is leviable only on the difference.” Schroeder v. Zink, supra at 13, 71 A.2d 321.[3]
*441 The determination of the taxable value and the amount which may be credited against that value must be accomplished in two steps, first, the property decedent transferred to Virginia must be valued, and second, the value of the consideration received by decedent must be determined. The value of the property transferred by decedent is determined at death. “[IJnter vivos transfers of property intended to take effect at or after death, are to be taxed upon the valuation of the property as of the date of the transferor’s death.” Ibid. In the subject case, the property transferred was a life estate in the Virginia trust, which life estate must be valued as of the date of decedent’s death.
There remains the question of whether the date of the amended agreement (April 3, 1984) or the date of decedent’s death (June 19, 1985) is the valuation date for the consideration decedent received. This question has not been dealt with by statute or case law in New Jersey. The, Court in Schroeder v. Zink, supra, determined the value of the property transferred by decedent as of the date of his death, but did not discuss the date on which the consideration received for the transfer is to be valued. This may be because, unlike the subject case, the monetary consideration in Schroeder was paid at death and taxed as an asset of the estate.
In the subject case, the actual amount of consideration decedent received as a result of the release of his obligation to pay annual premiums on the life insurance policy was not ascertainable until his death. The key element is the depletion of decedent's estate by the transfer of the life estate trust to Virginia. Depletion of the estate can only be measured at death because there were facts that were unknown at the time of the agreement — the length of decedent’s life, the length of Virginia's life, whether Virginia would survive decedent and *442 whether the assets of decedent’s estate would be sufficient to fund the trust. Therefore, in order to determine whether the estate is depleted by the agreement, both the value of the consideration decedent received and the value of the property transferred must be determined as of the same date, the date of death.
The court is aware of inheritance tax cases in other jurisdictions involving agreements to transfer property where the value of the consideration received by the decedent was determined as of the date of the agreement, e.g., Old Colony Trust Co. v. Commissioner of Corp. & Tax, 346 Mass. 667, 195 N.E.2d 332 (1964); In re Stevens’ Estate, 163 Cal.App.3d 255, 329 P.2d 337 (1958); Register of Wills for Kent County v. Blackway, 217 Md. 1, 141 A.2d 713 (1958). However, I am not persuaded by these cases that consideration for the transfer in the subject case should be valued other than at death. Old Colony involved the settlement of a will contest by the creation of an inter vivos trust which provided an annual income to the settlor for life and the remainder to the relatives who were contesting the will in which the settlor was the beneficiary. The value of the corpus of the trust increased from $130,000 at the time of the agreement to $203,000 at the time of the settlor’s death. The value of that which was given up by the remaindermen was $139,000 at the time of the agreement. The Massachusetts court held that at the time of the making of the agreement full consideration had been given by the remainder-men for the transaction, and that, therefore, there was no tax due on the transfer to the remaindermen at the death of the settlor. The court valued both the consideration and the assets transferred as of the date of the agreement.
In re Stevens’ Estate involved conveyance of three parcels of land by a mother, aged 73, to her daughter in exchange for the agreement by the daughter to pay the mother $600 a month for life and to pay a $34,000 mortgage on one of the parcels. The mother died at age 93. At the date of the agreement, the property had a value of $121,000 and the value of the obligation to pay $600 a month for life was approximately $75,000. From *443 the date of the agreement in 1935 to 1940, the net monthly income from the property was sometimes sufficient and sometimes insufficient to equal $600 a month. From 1940 to decedent’s death in 1955, the property produced a net income equal to or more than $600 a month. As of the date of the mother’s death, the property had a value of $273,000, and the daughter had paid the mother $140,400 and paid the $34,000 mortgage. The California trial court valued the property as of the date of the agreement and compared that $121,000 value with the total of $174,400 actually paid by the daughter until the date of her mother’s death, and determined that adequate consideration had been paid for the transfer. The appeal court reversed, finding that the property and the consideration paid should be valued on the same date, and whether valued as of the date of the agreement or at the date of death, the consideration was inadequate and therefore the transfer was taxable.
Blackway involved a transfer of real property in which decedent retained a life estate, in exchange for support of the decedent and his wife in their old age by his stepson. The court was strongly influenced by the fact that several attorney general opinions had developed the policy that consideration given at the time of an agreement reasonably commensurate with the value of the property transferred would entitle the transfer to exemption from tax. The court found that this policy was apparently acquiesced in by the state legislature.
In Old Colony and Stevens, both courts concluded that the property transferred and the consideration paid should be valued at the same date. Schroeder requires that the property transferred be valued as of the date of death. I have concluded, as did the Massachusetts and California courts, that both valuations should be made on the same date, and since Schroeder requires that that date be the date of death, that is also the date at which the consideration is to be valued. I do not follow Blackway because the Maryland court in that case apparently found that there was a contrary policy and was willing to *444 accept it on the basis that it was a long-standing policy that the Legislature chose not to change.[4]
There are at least three different types of cases involving the consideration paid for a transfer intended to take effect at death: (1) the transfer and the consideration paid for it both occur at or after death, (2) the entire consideration for the transfer is paid at the time of the agreement, and (3) consideration for the transfer is paid periodically as long as decedent lives. The subject case falls within the third category, and this opinion makes no decision as to cases of the first and second type.
At the date of his death, the decedent had received the benefit of $4,660, the amount of the one life insurance premium he did not have to pay before his death. This sum clearly was not equal in value to the transfer to Virginia of a life estate in a trust funded with $150,000, with the right to invade corpus for her benefit. The $4,660 reflects the actual benefit to the estate in exchange for the transfer and is, therefore, the amount to be deducted. I, therefore, find that the Director properly allowed only a $4,660 deduction from the taxable estate.
II.
Plaintiffs challenge the Director’s reduction of their claim for executors’ commissions from $69,000 to $42,956.88. Plaintiffs contend that administration of the estate required the three executors to take on unusual, complex and time-consum *445 ing responsibilities. These duties included: handling the conflicting interests of decedent’s second wife and the children of his first marriage; dealing with decedent’s first wife; preparation of federal and state death tax returns, which required them to work closely with attorneys and accountants; dealing with governmental agencies and institutional organizations; handling decedent’s real estate in Florida and South Carolina, and dealing with the difficulties encountered because the three executors live in divergent geographic locations (New Jersey, Texas and Minnesota). Plaintiffs claim that it is unreasonable for the Director to disallow additional executors’ commissions.
N.J.S.A. 3B:18-15 provides that if there are two or more fiduciaries, “the court may allow corpus commissions in excess of the commissions to which one fiduciary would be entitled under N.J.S.A. 3B:18-14, at a rate not exceeding 1% of all corpus for each additional fiduciary.”
In determining the amount of executors’ commissions allowable, reference shall be made to actual pain, trouble and risk involved in settling the estate. N.J.S.A. 3B:18-1. It is difficult to define “pain, trouble and risk.” In re Estate of Moore, 50 N.J. 131, 145, 232 A.2d 641 (1967).
While the quantum of the estate is not to govern, size may affect the extent of the risk. The chief concern ought to be with the services rendered, their extent, difficulty and quality, and the fiduciary’s conscientiousness and performance. See 7 N.J. Practice, supra, § 1525, n. 7, § 1532. [Ibid. ]
The Director contends that there were no unusual or unique circumstances to justify executors’ commissions in excess of the $42,956.88. I have examined the summary of hours devoted by the three executors to the administration of the estate and conclude that some increase in the executors’ commissions is justified. Taking into consideration the work of the executors (but not including administration of the property in Florida and South Carolina), I find that an additional 1% should be added (V2 of 1% for each of the two additional executors). The allowable deduction for executors’ commissions is thus $55,435.32 ($42,-956.88 + 1% of $1,247,844.10).
*446 Plaintiffs also contest the Director’s imposition of interest at the rate of 10% on the tax assessed, pursuant to N.J.S.A. 54:35-3 and N.J.A.C. 18:26-9.13. Plaintiffs assert that the interest rate should be only 6% because they were unable to calculate the correct amount of tax due until the Transfer Inheritance Tax Bureau made adjustments to the estate and computed the compromise tax. Plaintiffs state that they made a timely payment of $25,000, intended to cover the direct taxes due, to their knowledge, and made a $20,000 payment “within days” of the preliminary deficiency notice prepared and submitted by the bureau.
Interest is to be assessed at the rate of 10% on any unpaid portion of tax due from the expiration of eight months after the date of death until the date of final payment. N.J.S.A. 54:35-3; N.J.A.C. 18:26-9.13. Six percent interest is imposed if the estate cannot be settled within eight months of death “by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay.” Ibid. Plaintiffs have failed to demonstrate that their inability to calculate the correct amount of tax due is attributable to any of these factors. The Director properly assessed interest at the rate of 10%.
The Clerk of the Tax Court is directed to enter judgment affirming the Director’s deduction of $4,660 in connection with the Virginia trust, allowing deductions for executors’ commissions, for inheritance tax purposes, of $55,435.32 and affirming the Director’s imposition of 10% interest from the due date of the return to the date of payment.

Decedent’s will providing for the Virginia trust was executed on February 27, 1984, prior to the April 3, 1984 amendment of the property settlement agreement. The reason for this time difference was not explained.

Decedent's will funded the Virginia trust with $175,000. The Virginia trust was also the beneficiary of decedent’s corporate profit-sharing plan benefits. The Director valued the Virginia trust life estate at $150,090.50 and valued the remainder interest, for purposes of calculating the compromise tax, at $154,-717.50.

In In re Estate of Lingte, supra, the Court decided that there was a lack of full and adequate consideration. The Court cited Schroeder with approval but *441 did not address the issue of credit for partial consideration, apparently because "[n]o monetary benefit of real substance was received by the decedent.” 72 N.J. at 97, 367 A.2d 878.

In Estate of Howard Lee Davis, 51 T.C. 269 (1968), the United States Tax Court in a federal estate tax case, not an inheritance tax case, used the date of the agreement as the date for valuing the consideration paid for the creation of a trust in connection with a marital separation agreement. That case turned on the interpretation of the words “consideration received" in I.R.C. § 2043(a). Regulation 20.2043-l(a) interpreted these words to mean "price received by the decedent.” The court construed these words as meaning the value of the consideration at the date of the agreement. The transfer by the decedent was valued at death, and the consideration received by decedent was valued at the date of the agreement. I have concluded that New Jersey requires both to be valued on the same date.