KUSKIN, J.T.C.
This appeal involves the calculation of inheritance tax liability under N.J.S.A. 54:34-1 to -5. Plaintiff challenges defendant’s disallowance of the deduction of an additional executor’s commission in the amount of one percent of estate corpus. The additional commission was claimed because the estate had more than one executor. Defendant moves for summary judgment dismissing the appeal. For the reasons set forth below, I deny defendant’s motion and enter summary judgment in favor of plaintiff.
 The undisputed factual background to this matter is as follows. The decedent, Boris Schwartz, M.D., died on July 22, 1999. His Will, dated October 3, 1996, named two co-executors. The New Jersey Inheritance Tax Return for the estate was not filed with the New Jersey Division of Taxation until January 9, 2001. After a review of the return, the Division determined that the estate’s computation of tax was incorrect and, on March 29, 2001, issued a Notice of Assessment indicating taxes due in the sum of $10,080.92. This deficiency arose from the Division’s denial of a deduction claimed in the inheritance tax return of an additional one percent executor’s commission because the estate had more than one executor. The Division relied on N.J.S.A. 3B:18-15 which, on the date of Dr. Schwartz’s death, provided as follows:
If there are two or more fiduciaries, their commissions on corpus shall be the same as provided in the ease of one fiduciary, and, in addition thereto, the court may allow corpus commissions in excess of the commissions to which one fiduciary would be entitled under N.J.S.A. 3B:18-14, at a rate not exceeding 1% of all corpus for each additional fiduciary.
Court approval for the additional one percent commission had not been obtained.
Defendant contends that, in the absence of a court award of the additional one percent commission as required by N.J.S.A. 3B:18-15,[2] the denial of a deduction for the additional commission was *62 proper, and, as a result, plaintiffs appeal is without merit and should be dismissed. In response, plaintiff asserts that the repeal of N.J.S.A 3B:18-15 and amendment of N.J.S.A. 3B:18-14 effectuated by L. 2000, c. 29 §§ 1 and 2 changed the applicable law to permit the additional one percent commission without court approval. Because this legislation was enacted prior to the date of filing of the inheritance tax return, plaintiff contends that the amended statutes should govern computation of the tax payable by the estate. In the alternative, plaintiff argues that, if the law in effect on the date of death is controlling, then the statutory amendments should be given retroactive effect.
Before amendment by L. 2000, c. 29, § 1, N.J.S.A. 3B:18-14 provided that commissions payable to one fiduciary were specific percentages of the dollar amount of the corpus of the estate, “or such other percentage as the court may determine on the intermediate or final settlement of the fiduciary’s accounts, according to actual services rendered.” N.J.S.A. 3B:18-14. As amended by L. 2000, c. 29, § 1, the statute established specific percentage commissions based on the amount of the estate corpus, and authorized a commission of “1% of all corpus for each additional fiduciary provided that no one fiduciary shall be entitled to any greater commission than that which would be allowed if there were but one fiduciary involved.” The amended statute permitted reduction of the specified commissions “only upon application by a beneficiary adversely affected upon an affirmative showing that the services rendered were materially deficient or that the actual pains, trouble and risk of the fiduciary in settling the estate were substantially less than generally required for estates of comparable size.”
*63 Defendant contends that the statutory amendments are irrelevant to plaintiffs appeal because the law in effect at the date of death controls, and the amendments were not enacted until approximately eleven months after Dr. Schwartz’s date of death. I concur with defendant’s position as to the applicable law. A regulation promulgated by the Division of Taxation provides that the law at the date of death governs an estate’s inheritance tax liability.
The right of the State to the inheritance tax on transfers vests at the moment of a decedent’s death so that the law prevailing at the time of death of a resident or nonresident controls the transfers subject to the tax and the rates thereon.
[N.J.A.C. 18:26-2.2.]
The validity of this regulation was sustained in Estate of Darrin v. Director, Div. of Taxation, 232 N.J.Super. 437, 557 A.2d 677 (App.Div.), appeal dismissed 118 N.J. 193, 570 A.2d 958 (1989).
The issue remaining to be decided is what was the law as of the date of death, that is, should the amendments effectuated by L. 2000, c. 29, §§ 1 and 2 be applied retroactively and thus be deemed to have been in effect as of Dr. Schwartz’s date of death. In general, statutes are to be applied prospectively. However, “the rule favoring prospective application of statutes, while ‘a sound rule of statutory interpretation ... is no more than a rule of statutory interpretation’ and is not to be applied mechanistically to every case.” Gibbons v. Gibbons, 86 N.J. 515, 522, 432 A.2d 80 (1981). Circumstances in which a statute are to be applied retroactively include those where the legislature has expressed such an intention either in the language of the statute or in legislative history, ibid., or where the statute is “ameliorative or curative.” Id. at 523, 432 A.2d 80. Under any circumstance, before applying a statute retroactively, the court must inquire as to whether such application will result in “manifest injustice” to a party adversely affected by such an application of the statute. Ibid.
The definitions of “ameliorative” and “curative” were discussed at length in Kendall v. Snedeker, 219 N.J.Super. 283, 530 A.2d 334 (App.Div.1987). There Judge (now Justice) Long described the ameliorative exception to prospective application as being limited *64 to criminal cases, a limitation not applicable to the curative exception.
The “curative” exception is quite different. It generally includes “curative acts [which] are made necessary by inadvertence or error in the original enactment of a statute or in its administration.” 2 Sutherland, Statutory Construction, S 41.11 at 410 (4th ed.1973). Under this exception, an amendment to a statute can be given retroactive effect if it is designed merely to cany out or explain the intent of the original statute. Such application is consistent with the general rule that statutes are ordinarily prospective unless the Legislature indicates otherwise.
Id. at 287, 530 A.2d 334.
In the Matter of D.C., 146 N.J. 31, 679 A.2d 634 (1996), the Supreme Court described the purpose of a curative amendment as “merely to ‘remedy a perceived imperfection in or misapplication of a statute.’ The amendment explains or clarifies existing law and brings it into ‘harmony with what the Legislature originally intended.’” Id. at 51, 679 A.2d 634 (citations omitted). The circumstances under which the curative exception to the general rule of prospective application of a statute applies also were discussed in Nelson v. Board of Educ. Of Tp. Of Old Bridge, 148 N.J. 358, 689 A.2d 1342 (1997), where the Court held that a statutory amendment was curative if its intent was to clarify the previous version of the statute. Id. at 370, 689 A.2d 1342. In Nobrega v. Edison Glen Associates, 167 N.J. 520, 772 A.2d 368 (2001), the Court reiterated the general preference for prospective application of a statute, acknowledged that contrary legislative intent mil be honored by the courts, but cautioned that retroactive application will not be permitted if such application would unconstitutionally interfere with “vested rights” or would constitute “manifest injustice.” Id. at 537, 772 A.2d 368. After a lengthy discussion of both of these concepts, the Court concluded that it would rely on the “manifest injustice” standard which is based on equitable concerns and involves a weighing of the public interest in retroactive application against the reliance by the affected party on previous law and the consequences of such reliance. Id. at 545-547, 772 A.2d 368.
The preceding discussion demonstrates that a statute should be applied retroactively if it is curative. Whether a statute is curative can be determined from its express language or from legisla *65 tive history. With respect to the statutory amendments at issue in the matter before me, a statement of the Senate Judiciary Committee described the purpose of L. 2000, c. 29 as follows:
Recently the Internal Revenue Service has begun to take the position that it is not bound by N.J.S.A. 3B:18-14 unless a court has approved such commissions. However, current practice in New Jersey is to refrain, except in extraordinary circumstances, from incurring the additional costs and delay of submitting an executor’s accounting for judicial approval. Therefore, a court determination of the executor’s commission is rare. The IRS stance of disallowing a deduction for the full executor’s commission calculated in accordance with the statutory schedule leaves lawyers in New Jersey open to criticism for not being able to advise executors accurately of the amount of the executor’s commission that will be deductible on the federal estate tax return. As a consequence, some estates owe additional money interest to the IRS. In order to allow practitioners to be able to administer estates with greater predictability and certainty, this bill would amend [IV./.S.A] 3B:18-14 to clarify that a fee calculated pursuant to the provisions of N.J.S.A. 3B:18-14 is the normally appropriate commission for a fiduciary and that a court determination is necessary only if a beneficiary objects to the statutory fee calculation. In addition to amending N.J.S.A 3B:18-14, the bill also repeals two sections of laws dealing with the executors’ commissions which are unnecessary and redundant.
[Senate Judiciary Committee Statement to S. 952-L.2000, c. %9 (emphasis added).]
It is evident from the quoted portion of the Committee Statement that the purpose of L. 2000, c. 29 was to clarify the provisions of N.J.S.A. 3B:18-14 and the provisions of N.J.S.A. 3B:18-15, which was repealed as “redundant and unnecessary,” so that executors’ commissions could be determined as originally intended, that is, without the necessity for court approval in ordinary circumstances. Clarifying amendments constitute curative legislation. Matter of D.C., supra, 146 N.J. at 51, 679 A.2d 634. The amendments effectuated by L. 2000, c. 29, therefore, are curative. Under the cases discussed above, these amendments can and should be applied retroactively, unless manifest injustice would result. Defendant has not asserted that retroactive application would cause manifest injustice, and I do not perceive any basis for such an assertion.
Based on the foregoing analysis, I conclude that, under N.J.S.A 3B: 18-14 as amended by L. 2000, c. 29, § 1, plaintiff was entitled to deduct an additional one percent executor’s commission because the estate had two executors. Accordingly, defendant’s motion for summary judgment is denied. Judgment will be entered in favor *66 of plaintiff vacating the assessment for additional taxes imposed by defendant. Granting summary judgment to plaintiff under these circumstances is authorized under Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 666 A.2d 146 (1995), where the Court stated that “[i]f a case involves no material factual disputes, the court disposes of it as a matter of law by rendering judgment in favor of the moving or nonmoving party ....” Id. at 537, 666 A.2d 146.

 Factors to be considered by a court in awarding executor's commissions were set forth in N.J.S.A. 3B.-18-1 (repealed by L 2000, c. 29, § 2). Under this *62 statute, corpus commissions in excess of $100,000 could be allowed based on the “actual pains, trouble and risk [of the executors] in settling the estate, rather than in respect to the quantum of the estate.” The applicability of this standard to the award of the additional one percent executor’s commission under NJ.S.A. 3B: 18 — 15 was established in Heine v. Director, Div. of Taxation, 10 N.J. Tax 435, 445 (Tax 1989).