ELIZABETH MARY GAUGER, PLAINTIFF-APPELLANT, v.
JOHN JOSEPH GAUGER, DEFENDANT-RESPONDENT.

Argued March 22, 1977—Decided July 6, 1977.

540

*Mr. Joseph W. Gallagher* argued the cause for appellant (*Mr. Samuel R. DeLuca,* attorney).

*Mr. Leo H. McCarthy* argued the cause for respondent (*Mr. Samuel F. Penza,* attorney).

The opinion of the court was delivered by

SCHREIBER, J. The plaintiff Elizabeth Mary Gauger and defendant John Joseph Gauger had been married on September 28, 1946 and separated 25 years later. The wife instituted an action for divorce on May 23, 1973. The husband counterclaimed for divorce asserting desertion and 18 months separation. Mrs. Gauger withdrew her complaint and Mr. Gauger was granted a divorce on the basis of 18 months separation with no reasonable prospect for reconciliation. *N. J. S. A.* 2A:34–2(d). Custody of two infant children and appropriate child

support were awarded to the plaintiff. Distribution of real and personal property was reserved for a subsequent hearing. The issue herein concerns that distribution.

The only point of contention centers on whether a 91 acre tract of farmland located in the Borough of Freehold in Monmouth County is property which was "acquired" by the husband during marriage. *N. J. S. A.* 2A:34-23. If it was, then it becomes an asset subject to equitable distribution.

No testimony was taken. The parties agreed that the defendant husband and his mother took title as joint tenants with right of survivorship on December 8, 1941, more than four years before the defendant's marriage; and that the defendant's mother died on August 3, 1972, approximately a month before the parties separated and more than 10 months before the divorce complaint was filed. What the original investment of the respective parties was and what use was made of the land thereafter are unknown.

The trial court held that the land was not acquired by the defendant during coverture and thus was not subject to equitable distribution. 132 *N. J. Super.* 89 (Ch. Div. 1975). The court applied the established principles that upon creation of a joint tenancy a joint tenant acquires a right of survivorship and, when the cotenant dies, the survivor is seized of the fee to the entire property by virtue of the original grant. It reasoned that the husband had acquired ownership of the entire property not upon the death of his mother in 1972, but by virtue of the 1941 joint tenancy deed executed substantially before defendant's marriage in 1946. Accordingly, it held the property was immune from equitable distribution. In a *per curiam* decision, the Appellate Division affirmed substantially for the reasons set forth by the trial court. 138 *N. J. Super.* 366 (1976).

During the joint tenancy, the right of survivorship constituted a contingent interest subject to destruction at the will of either tenant. Whenever any one of the four unities of interest required to create a joint tenancy (title, time, possession and interest) is eliminated by the unilateral act of

one joint tenant, the relationship of the parties is modified at least to the extent of extinguishing the right of survivorship. *Brodzinsky v. Pulek,* 75 *N. J. Super.* 40, 49–50 (App. Div. 1962), certif. den. 38 *N. J.* 304 (1962); 2 *American Law of Property* § 6.2, at 8–9 (A. J. Casner ed. 1952). Accordingly, the right of survivorship could have been destroyed by either joint tenant's sale or transfer of his or her interest in the property. 2 *American Law of Property* § 6.2, at 8 (A. J. Casner ed. 1952). "In joint tenancy, either of the owners may at his pleasure, dispose of his share and convey it to a stranger, who will hold undivided, and in common with the other owner." *Den v. Hardenbergh,* 10 *N. J. L.* 42, 45 (Sup. Ct. 1828). So, too, partition at the instance of either party would have resulted in each holding in severalty. *Den v. Hardenbergh,* 10 *N. J. L.* at 46; 4A *Powell on Real Property* ¶ 618 (1977).

The interests of two joint tenants in real property during their joint lifetime differ from that which exists upon death of one. Before his mother's death, defendant owned only "an undivided *moiety* of the whole" of the joint tenancy. *Goc v. Goc,* 134 *N. J. Eq.* 61, 63 (E. & A. 1943) (emphasis added). His mother and he were seized *per my et per tout.*[1] *Den v. Hardenbergh,* 10 *N. J. L.* 42, 45 (Sup. Ct. 1828). Each had a right to occupy and use the land and, if the defendant had ousted his mother, he would have been accountable to her. *See Baird v. Moore,* 50 *N. J. Super.* 156 (App. Div. 1958); *Lohmann v. Lohmann,* 50 *N. J. Super.* 37 (App. Div. 1958). If the defendant had rented the land to a third person, he would have been accountable to his mother for her share of the profits. *Newman v. Chase,* 70 *N. J.* 254, 266–267 (1976). If he committed waste by cutting trees or mining the land, he would have been responsible to his joint tenant.

---

[1]In a tenancy by the entirety, the husband and wife are seized *per tout* and not *per my. King v. Greene,* 30 *N. J.* 395, 402 (1959); 2 *W. Blackstone, Commentaries* 182; *Green v. King,* 96 *Eng. Rep.* 713, 714 (C. P. 1778).

However, upon his mother's death his right to possession became exclusive; the entire income belonged to him; and accountability to her would no longer exist. As these examples demonstrate, the death of a joint tenant is an event which triggers a change in the nature of the survivor's proprietary interest in the land.

Although the survivorship right was created when the joint tenancy was established, it did not become effective and meaningful until the mother's death. It was at that time the defendant acquired an undivided fee ownership in the entire tract of land. 4A *Powell on Real Property* ¶ 618, at 677 (R. J. Rohan ed. 1977). A change occurred in the interest, ownership or right to possession. *See In re Huggins*, 96 *N. J. Eq.* 275, 278 (Prerog. 1924), aff'd *sub nom. Fairleigh v. Bugbee*, 3 *N. J. Misc.* 1072 (Sup. Ct. 1925), aff'd 103 *N. J. L.* 182 (E. & A. 1926).

Property subject to equitable distribution upon divorce includes "both real and personal" property "which was legally and beneficially acquired" during marriage. *N. J. S. A.* 2A:34–23. We have previously referred to the expansive interpretation to be given to the word "property". *Painter v. Painter*, 65 *N. J.* 196, 217 (1974); *Kruger v. Kruger*, 73 *N. J.* 464 (1977). Reference is also made to *N. J. S. A.* 1:1–2 which provides that the statutory definition of real property "includes lands, tenements and hereditaments and all rights thereto and interests therein." We are satisfied that upon the death of a joint tenant, the survivor in fact acquires a substantive interest in the premises within the contemplation of the equitable distribution statute. Administratively, we believe that it is appropriate to evaluate that interest at one-half the net value of the property, as if partition by sale had occurred at the time of the death.

The judgment is reversed and the matter remanded for further proceedings in accordance with this opinion.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.