NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3024-16T4


ESTATE OF MARY VAN RIPER,

     Plaintiff-Appellant,

v.

DIRECTOR, DIVISION OF TAXATION,

     Defendant-Respondent.

APPROVED FOR PUBLICATION

October 3, 2018

APPELLATE DIVISION

Argued September 12, 2018 – Decided October 3, 2018

Before Judges Yannotti, Gilson and Natali.

On appeal from the Tax Court of New Jersey, Docket No. 8198-2016, whose opinion is reported at 30 N.J. Tax 1 (Tax 2017).

James J. Curry, Jr., argued the cause for appellant (James J. Curry, Jr., attorney; James J. Curry, Jr. and Timothy J. Petrin, on the briefs).

Heather L. Anderson, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Heather L. Anderson, on the brief).

Andrew J. DeMaio argued the cause for amicus curiae New Jersey State Bar Association (New Jersey State

Bar Association, attorneys; Robert B. Hille, of counsel; Andrew J. DeMaio, Glenn A. Henkel, Jill Lebowitz, and Heather G. Suarez, on the brief).

Edward C. Eastman argued the cause for amicus curiae New Jersey Land Title Association (Davison, Eastman, Muñoz, Lederman & Paone, PA, attorneys; Michael J. Fasano, on the brief).

The opinion of the court was delivered by

YANNOTTI, P.J.A.D.

The Estate of Mary Van Riper (Estate) appeals from a judgment of the Tax Court, which upheld an assessment by the Director of the Division of Taxation (Division) of inheritance transfer taxes and interest upon the Estate. For the reasons that follow, we affirm.

I.

The relevant facts are not in dispute. On December 5, 2007, Walter Van Riper and his wife Mary Van Riper (Van Ripers) established an irrevocable trust to hold certain real and personal property, subject to specified conditions. The real property in question was the Van Ripers's marital home in Sea Girt. Among other things, the trust instrument required the trustee to provide a residence for the Van Ripers during their lifetimes, and to pay all carrying charges for the subject property, including but not limited to taxes, insurance, and utility costs.

The trust instrument also authorized the trustee to sell the home, but required the trustee to use the funds realized from the sale to provide shelter and housing to the Van Ripers. The trust instrument recognized that Mary might require custodial care, and stated that if such care could be provided in a residential setting, the proceeds of the sale of the home shall be used to acquire such other premises.

The trust agreement further provided that upon the death of the Van Ripers, the trustee shall distribute any assets remaining in the trust to the Van Ripers's niece. On December 5, 2007, the Van Ripers transferred title to the marital residence to the trust for $1.

Walter died on December 24, 2007, and Mary died on December 23, 2013. During her lifetime, Mary remained in the home and pursuant to the trust instrument, the home passed to the Van Ripers's niece. On April 2, 2015, the Estate filed with the Division a New Jersey resident decedent inheritance tax return, and reported that no tax was due on the transfer of the home.

The Division audited the return and determined that $935,000, the full fair market value of the home at the time Mary died, was part of her estate for inheritance transfer tax purposes.[1] Accordingly, the Division issued an

---

[1] It appears that the Estate had other assets totaling $12,716.96. Therefore, the Division determined that the gross estate was $947,716.96. Debts and
(continued)

assessment imposing additional taxes and interest upon the Estate. The Estate protested the assessment. On March 22, 2016, the Division issued a final determination, denying the protest and upholding the assessment. The Estate paid the amounts assessed.

In May 2016, the Estate filed a complaint in the Tax Court, seeking reversal of the Division's final determination and a refund of the amounts paid. In October 2016, the Estate filed a motion for summary judgment. The Division opposed the motion, and filed a cross-motion for summary judgment.

The Tax Court denied the Estate's motion and granted the Division's cross-motion, for reasons stated in a written opinion filed on February 23, 2017. Estate of Van Riper v. Dir., Div. of Taxation, 30 N.J. Tax 1 (Tax 2017). The Estate appeals. We thereafter granted motions by the New Jersey State Bar Association (NJSBA) and the New Jersey Land Title Association (NJLTA) to participate in the appeal as amici curiae.

## II.

In New Jersey, an inheritance tax is imposed upon a transfer in the amount of $500 or more of "real or tangible personal property[,] situated in this State[,] . . . [that] is transferred by will or by" New Jersey's intestate laws,

_____

(continued)
expenses were deducted, leaving a net taxable estate of $890,550.96. The tax assessed was $135,488.15.

of a New Jersey resident "dying seized or possessed thereof." N.J.S.A. 54:34-1(a). The tax also is imposed upon the transfer by will or intestate law of real or tangible personal property of a decedent who is not a resident of New Jersey at the time of death. N.J.S.A. 54:34-1(b). In addition, a tax is imposed on a transfer of property by deed, grant, bargain, sale or gift that is made either in contemplation of death or intended to take effect at or after death. N.J.S.A. 54:34-1(c). The inheritance transfer tax law provides, however, that:

> [a] transfer of property by deed, grant, bargain, sale or gift wherein the transferor is entitled to some income, right, interest or power, either expressly or by operation of law, shall not be deemed a transfer intended to take effect at or after transferor's death if the transferor, more than [three] years prior to death, shall have executed an irrevocable and complete disposition of all reserved income, rights, interests and powers in and over the property transferred.
>
> [N.J.S.A. 54:34-1.1.]

In the Tax Court, the Estate argued that the exemption in N.J.S.A. 54:34-1.1 applied here because the Van Ripers allegedly made an irrevocable and complete disposition of their home in 2007, when they transferred title to the trust. Estate of Van Riper, 30 N.J. Tax at 12. The Tax Court determined, however, that the transfer was not exempt under N.J.S.A. 54:34-1.1 because the Van Ripers retained interests in the property during their lives. Id. at 12-17. The Tax Court also rejected the Estate's alternative argument that only

one-half of the value of the home is includable in Mary's taxable estate.  Id. at 17-18.

On appeal, the Estate does not challenge the Tax Court's determination that the transfer of the property is not exempt from taxation under N.J.S.A. 54:34-1.1.  The Estate argues, however, that the Division should only have assessed the tax on one-half of the value of the property at the time of Mary's death because, according to the Estate, she had a one-half ownership interest in the property.  The NJSBA and the NJLTA join in the Estate's arguments.

III.

We review the trial court's summary judgment determination de novo. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).  In doing so, we apply the same standard that the trial court applies when it considers a summary judgment motion.  Ibid. (citing Templo Fuente De Vida Corp., 224 N.J. at 199).  Our court rules provide that summary judgment shall be granted when the evidence before the court shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  R. 4:46-2(c); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Here, there is no genuine issue of material fact and the appeal presents only a legal question, that is, whether the Division erred by assessing the transfer inheritance tax under N.J.S.A. 54:34-1(c) on the full value of the subject property at the time of Mary's death. As noted, the Estate argues that Mary only had a one-half ownership interest in the home when it was transferred to the trust, and the tax should have been imposed only on the transfer of that interest.

As the Tax Court noted in its opinion, N.J.S.A. 54:34-1(c) provides for the imposition of a tax upon transfers of assets "made . . . or intended to take effect in possession of enjoyment at or after" the death of the grantor. See Estate of Van Riper, 30 N.J. Tax at 6. This provision has been part of New Jersey tax law since 1892. In re Estate of Lingle, 72 N.J. 87, 93 (1976) (citing L. 1892, c. 122). An "'at or after death' provision is a common feature of inheritance tax statutes." Ibid. Its purpose "is to preclude avoidance of the transfer inheritance tax by a lifetime transfer which is, in effect, a substitute for or a substantial equivalent of a testate or intestate distribution." Ibid. (citing In re Estate of Lichtenstein, 52 N.J. 553, 560, 575 (1968)).

Here, the Van Ripers transferred title to their home to the trust, but required the trustee to provide them with a residence and shelter during their lives. Upon the death of Walter and Mary, whichever occurs last, the trustee

must transfer any assets remaining in the trust to the Van Ripers's niece. The Tax Court correctly noted that the retention of life interests by Walter and Mary "postponed the niece's enjoyment of the property until" the Van Ripers died. Estate of Van Riper, 30 N.J. Tax at 11. The court correctly determined that the transfer is subject to tax under N.J.S.A. 54:34-1(c).

The Estate argues that in December 2007, when Walter and Mary transferred the property to the trust, they each had a fifty-percent ownership interest in the property. The Estate therefore argues that the inheritance transfer tax should only be assessed on fifty percent of the value of the property at the time of Mary's death. We disagree.

It is undisputed that because they were husband and wife, Walter and Mary held the subject property as tenants by the entirety. "A tenancy by the entirety is a creature of the common law" and it is "based on the legal concept that husband and wife are one." Mueller v. Mueller, 95 N.J. Super. 244, 247 (App. Div. 1967).

"Estates by the entirety have no moieties. Each spouse holds the entirety and each receives per tout et non per my." Ibid.[2] See also Dorf v. Tuscarora Pipe Line Co., 48 N.J. Super. 26, 32 (App. Div. 1957) (noting that when an

---

[2] A "moiety" is a half. Black's Law Dictionary 1096 (9th ed. 2009). The phrase "per tout et non per my" means "[b]y the whole, and not by the half." Id. at 1261.

estate is held by the entirety, "each owner holds the entirety . . . and [u]pon the death of one of the spouses, the entire estate . . . belongs to the other, not by" survivorship, but by reason of the original title).

Therefore, when Walter and Mary transferred the property to the trust, they both held an interest in the entire estate, not fifty-percent interests. Moreover, Walter and Mary together transferred the property to the trust, and provided that after their deaths, the trustee would transfer any assets remaining in the trust to their niece. Thus, Walter and Mary together transferred the property to their niece and the transfer was "made . . . or intended to take effect in possession or enjoyment at or after" they died. See N.J.S.A. 54:34-1(c).

Because Mary's interest in the subject property was an interest in the entirety, the Division reasonably determined that her transfer of that interest was subject to tax at the time of her death, which was when the Van Ripers's niece acquired ownership of the property. At that time, the entirety of the estate passed to the niece. The Division did not err by finding that the full value of the property was a transfer under N.J.S.A. 54:34-1(c), and taxable to the Estate.

## IV.

In support of its argument that only one-half of the value of the home was subject to tax, the Estate relies upon Gauger v. Gauger, 73 N.J. 538 (1977). In that case, the husband and his mother took title to certain property as joint tenants with a right of survivorship more than four years before the parties married. Id. at 542. The husband's mother died more than ten months before the divorce complaint was filed. Ibid.

The trial court held that the property was not subject to equitable distribution because the husband had not acquired the property during the marriage. Ibid. The court found that the husband did not acquire the property when his mother died, but by the joint tenancy deed, which was executed before the marriage. Ibid. We affirmed the trial court's judgment. Ibid. The Supreme Court reversed, holding that after his mother died, the husband's "right to possession became exclusive." Id. at 544.

The Court found that upon the death of the joint tenant, the husband acquired an interest in the property, which was subject to equitable distribution. Ibid. The Court held that for administrative reasons, "it is appropriate to evaluate that interest at one-half the net value of the property, as if partition by sale had occurred at the time of the [mother's] death." Ibid.

We are convinced the Estate's reliance upon Gauger is misplaced. As noted, Gauger dealt with the equitable distribution of property, not the imposition of an inheritance transfer tax. Moreover, in Gauger, the Court observed that before the husband's mother died, both joint tenants had an undivided interest in the whole of the property, and the mother's death triggered the change in the nature of the survivor's interest. Id. at 543-44.

Here, Walter and Mary held the subject property as tenants by the entirety. Together, they transferred the property to the trust, intending that it would become the property of their niece after they both passed away. There is no reason to value Walter and Mary's interests in the property as though they had agreed to partition the property when it was transferred to the trust.

There also is no basis for assuming that when they transferred the property to the trust, the Van Ripers created an estate in which they both held one-half interests in the property. Furthermore, Walter's death did not alter the nature of Mary's interest in the property when it was transferred to the trust. She held an undivided ownership interest in the home. Thus, Gauger has no bearing on the disposition of this appeal.

The Estate further argues that Walter's transfer of his interest in the property was taxable to his estate when he died. We note that when Walter passed away, his estate filed an inheritance tax return with the Division, which

11

reported a total estate consisting of $397,583 in personal property and $525,000 in the equity in the residence.

The tax return notes that the subject property had been transferred to a trust, and the trust agreement provides a life estate for the surviving spouse. Walter's estate reported that no tax was due because Walter's estate passed to his wife, who is an exempt Class "A" beneficiary under N.J.S.A. 54:34-2(a)(1). It is undisputed that the Division did not assess an inheritance transfer tax upon Walter's estate.

In any event, the imposition of the inheritance transfer tax upon Mary's estate based on the full value of the property at the time she died was consistent with the inheritance transfer tax law, well-established principles governing a tenancy by the entirety, the terms of the trust instrument, and the relevant facts. As we have explained, when the property was transferred to the trust, both Walter and Mary held undivided interests in the property, and together they transferred the property to the trust. The Van Ripers established life estates for themselves and intended that any assets remaining in the trust would be the property of their niece after they both died.

It is undisputed that Mary remained in the home until her death, after which title to the property passed to the Van Ripers's niece. The Division's imposition of the inheritance transfer tax upon the full value of the house at the

12

time possession and enjoyment of the property passed to the Van Ripers's niece was consistent with the Van Ripers's intent. The Division properly included the full value of the transferred property in Mary's taxable estate.

In further support of its appeal, the Estate relies upon United States v. Heasty, 370 F.2d 525 (10th Cir. 1966). In that case, the decedent husband was the owner of certain property, which he conveyed through a "strawman" to himself and his wife as joint tenants with a right of survivorship. Id. at 526. Later, the decedent and his wife conveyed the realty to their children and grandchildren, reserving joint life estates for themselves with a right of survivorship. Ibid. The wife died and no federal estate tax was paid because her estate was less than the minimum for which a tax was imposed. Ibid.

When the husband died, the Internal Revenue Service included the full value of the realty in the estate for tax purposes. Ibid. The estate paid the tax and brought suit seeking a refund. Ibid. The court held that the federal government could only impose an estate tax upon one-half of the value of the property. Id. at 526-28. The court noted that the decedent could only transfer a one-half interest in the property because under Kansas and Oklahoma state law, the decedent had previously transferred a one-half interest in the property to his wife. Id. at 526.

13

The Heasty decision does not apply in this case. Here, the Van Ripers held the property as tenants by the entirety, and Walter and Mary each owned an undivided interest in the whole. Under New Jersey law, neither Walter nor Mary held a fifty-percent interest in the property.

V.

As noted previously, the amici support the Estate's contention that the inheritance transfer tax should only be imposed on the transfer of Mary's interest, which they claim is a fifty-percent interest in the property. The NJSBA recognizes that Walter and Mary held the property as tenants by the entirety, and as such, they each had an ownership interest in the entire estate.

The NJSBA acknowledges that under this "historical approach," both Walter and Mary would be seen as owning one-hundred percent of the property. The NJSBA asserts, however, that this analysis could lead to the "nonsensical conclusion" that both Walter and Mary transferred one-hundred percent of the home to the trust.

The NJSBA therefore contends that for inheritance transfer tax purposes, Mary should be deemed to have conveyed only a fifty-percent undivided interest in the property to the trust. This contention cannot, however, be squared with the general principle that a husband and wife own property as tenants by the entirety. Furthermore, the result here is not "nonsensical." The

14

Division has not imposed the inheritance transfer tax upon both estates. It has imposed the tax only upon Mary's estate because when she and Walter transferred the property to the trust, she held the property by the entirety. The transfer of Mary's interest was intended to take effect at or upon her death or Walter's death, whichever was the last to occur. Since Mary died after Walter, the full value of the property was includable in her estate for tax purposes.

The NJSBA further argues that the Tax Court's decision is at odds with Darr v. Kervick, 31 N.J. 476 (1960). In that case, the decedent and her husband separately held shares in a corporation, and they both transferred their shares to separate trusts. Id. at 479-80. The decedent held a life interest in the income from the corpus of the trust created by her spouse, and her spouse held a life interest in the income from the corpus of the decedent's trust. Ibid. The Court held that the reciprocal trust doctrine applied, and therefore the corpus of the trust created by the decedent's spouse was deemed to be part of the decedent's gross estate. Id. at 482.

The Court also determined that because the decedent retained a life estate in the trust corpus, she had not made an absolute and complete conveyance of the subject property to her husband or those who would take the property upon his death. Id. at 484. The Court found that the Division had properly assessed an inheritance transfer tax upon the property transferred to

the trust because it was a transfer "intended to take effect in possession or enjoyment at or after . . . death."  Id. at 483 (alteration in original) (citations omitted).

The NJSBA's reliance upon Darr is misplaced.  That case dealt with separate trusts, created by spouses with separately-owned property.  Moreover, the Darr case dealt with the reciprocal trust doctrine, which does not apply here.  Thus, there is no merit in the NJSBA's contention that the imposition of the tax upon the Estate, based on the full value of the property at the time of her death, is inconsistent with Darr.

In addition, the NJLTA argues that the Division's assessment is not consistent with N.J.A.C. 18:26-8.19(a), which provides:

> When an instrument creates an executory devise, or an estate in expectancy of any kind or character that is contingent or defeasible, the property which is the subject of such devise or in which such contingent or defeasible interest is created is appraised immediately at its clear market value.  The value of the estate for life or term of years is then deducted from the appraised value of the property which is the subject of devise or limitation and the tax on such balance of the estate will not be levied or assessed until the person or corporation entitled thereto comes into the beneficial enjoyment, seizing, or possession thereof.

The NJLTA asserts that when Walter died in 2007, there were three transfers.  The first was the transfer of Walter's life estate to Mary, which was not subject to tax because the transfer was to a Class "A" beneficiary and

exempt from taxation under N.J.S.A. 54:34-2(a)(1). The second was the transfer of Walter's one-half interest in the property to his niece, which the NJLTA contends should have been subject to tax when he died. The third transfer was of Mary's one-half interest in the property, which was transferred to the niece when Mary died. According to the NJLTA, only the third transfer was taxable to the Estate when Mary passed away.

Again, we disagree. When Walter and Mary transferred the property to the trust, they owned the property as tenants by the entirety. Together, they made a transfer intended to take effect at or upon Walter or Mary's death, whichever was the last to occur. Because Mary had an undivided ownership interest in the property, and the transfer of that interest took effect upon her death, the Division properly included the full value of the property in Mary's taxable estate for inheritance transfer tax purposes.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3024-16T4